Jones, Chancellor,
said, it is true in general that the *657 deed of an infant is voidable merely, when delivered with his own hand, and is of equal validity, whether it be of lands or chattels. Some of the old writers seem to make a distinction between deeds and other contracts of infants accompanied by *manual delivery ; but the distinction is now discarded, and the same effect is given to both.
They are not void, but voidable, where any act of delivery is done by the infant calculated to carry an estate; and J ’ this whether the contract be beneficial to the infant or not, But a manual delivery seems in such case to be essential]¡ None was shown in this case. The fact of possession -by’1 the vendee would be evidence of delivery in the case of an adult; but in ease of an infant vendor, there should be strict proof of a personal delivery. An infant cannot make an attorney. The appointment would be void; and -there being no proof of actual manual delivery, the contract would seem to be void. The agreement to sell conferred no right upon the vendee to take. The mere agreement of the i.nfant to sell would not protect the vendee against an action of trespass for taking the horse. The taking would be tortious; and in, itself a conversion.
But suppose the „sale to be merely voidable; could the infant or his guardian avoid it before he arrived at 21 years of age ? The general rule is, that an infant cannot avoid . . . ms contract executed by Jnmselr, and which is therefore voidable only while he is within age.[1] He lacks legal discretion to do the act of avoidance. But this rule must be taken with the distinction that the delay shall not work unavoidable prejudice to the infant; or the object of his privilege, which is intended for his protection, would not be answered. When applied to ,a sale of his property, it must be his land; a pase in which he .may enter and receive the profits until the power of finally avoiding shall arrive ; and such was the doctrine of Zouch v. Parsons, (3 Burr. 1794.) . Should the law extend tfie same doctrine to sales of his personal estate, it would evidently expose him to great loss in many, cases; and we shall act up to the principle of protection much more effectually by *658 allowing him to rescind while under age, though he may sometimes misjudge, and avoid a contract which is for his own benefit. The true rule, then, appears to me to be this ; that where the,.infant can enter, and hold the subject of the sale till his legal age, he shall be incapable of avoiding till that time; but where the possession is changed, and there is no legal means to regain and hold it in the mean *time, the infant, or his guardian for him, has the right to exercise the power of rescission immediately. Now the common lawj gives no action or other means by which the mere possession of personal property can be reclaimed, and held subject to the right of avoidance.
Beside, in this case the infant had a general guardian. It may wed be doubted whether he could make any contract of sale which should bind him, for any purpose, during his wardship.
Stebbins, Senator. Whatever may be the correct opinion (and I am not prepared to express any) upon the question■ discussed by the supreme court in this cause, and in the opinion of his honor the chancellor, as to the right of an infant to avoid, during his minority, a sale of property made by him, there is another point upon which I must place my vote.
The plaintiff brought his action of trover against the defendant in the mayor’s court, for the horse which he had sold him during his infancy, and recovered. The defendant took a bill of exceptions upon the ground, among others, that no conversion was proved.
The cause coming before the supreme' court upon this bill of exceptions, the judgment is reversed, for the reason that the plaintiff, being an infant, could not legally avoid his contract of sale, until he should become of age. This court is possessed of the cause upon a writ of error brought to reverse the judgment of the supreme court, and to restore to the plaintiff his judgment obtained in the mayor’s court.
It is obvious, therefore, that if no conversion of the horse was proved in the mayor’s court, the judgment of that court ought to have been reversed by the supreme *659 court, for that reason as well as for the reason assigned by them; and if the exception was well taken by the defendant, the judgment of the supreme court ought now to be affirmed.
The only evidence of conversion is, that the defendant upon one occasion, offered to sell the horse ; and this, in my "judgment, dees not amount to a conversion. There is no evidence of any tortious taking, or demand and refusal.
The defendant came into possession as a purchaser. The sale was not void, but voidable by the infant; and conceding, therefore, that he may avoid it before coming of age, it is certainly good until avoided; and the possession of the defendant must have been rightful until such avoidance. His offer to sell, then, can be no conversion.
The first evidence, or notice of his election to avoid the contract which the plaintiff seems to have given, was the commencement of this suit. I think he should first have given notice of his election to avoid the contract, and demanded the horse, and waited for a refusal to deliver, as evidence of conversion, before he commenced his prosecution ; and for this reason I am in favor of affirming the judgment of the supreme court.
Jones, Chancellor,
said his attention had been mainly employed upon the question discussed by the supreme court. He had attended but slightly to that branch of the case examined by the honorable senator; nor did he feel prepared to express himself strongly upon the question whether an offer to sell a chattel by one who comes lawfully into the possession of it, shall be holden a conversion. He inclined to think that it was an act of such control, inconsistent with, and in defiance of the rights of the true owner, as to be, prima fade, evidence of a conversion.
But here is a sale set up as having been made by an infant under the care of a general guardian, and accompanied with no evidence whatever of a manual delivery by the ward. He had remarked that such a delivery cannot he intended, though it would be otherwise in the case of an adult. It then stands before us, at best, as *660 an infant contracting to sell; and. the vendee taking possession in virtue of the contract, -without its being followed up by-anyact of 'delivery. Such a taking would he tortious, and a conversion in itself.
He'was of opinion, on the whole case, that the judgment of the supreme court should be reversed.
*For reversal, The Chancellor, Allen, Crary, Elsworth, Enos, Gardiner, Haight, Hart, Jordan, Lake, McMartin, Waterman, and Wilkeson, Senators.
For affirmance, Burrows, Dayan, McCall, Nelson, Oliver, Smith and Stebbins, Senators.
Judgment reversed.

 Bool v. Mix, 17 Wen. 119. Slocum v. Hooker, 13 Barb. 536