Mr. Chief Justice Shahkey
delivered the opinion of the court.
Anderson filed his bill in the superior court of chancery, to avoid, a contract, on the ground of infancy. It appears that in 1838 he purchased of E. and J. W. Exum a tract of land and seventy-five shares of bank stock, at the price of $8000, giving in payment five slaves, and executing his tivo notes, one for .$375, and the other for $1500. The slaves were after-wards sold under execution, as the property of the Exums, and purchased by Hill, one of the plaintiffs in execution, through his attorney. It seems that the Exums purchased the slaves, knowing that Anderson was a minor, and against the remonstrances of his guardian. The attorney who purchased the property for Hill, had been employed to rescind the contract with the Exums, and was acquainted with the nature of their title, which was the only notice Hill had. Since the contract Anderson has resided in Alabama, and has done no act confirmatory of the -contract.
This being a proceeding by the infant himself to vacate the ■contract, it becomes unnecessary to discuss the somewhat vexed question, what contracts of an infant are void, and what voidable. In its origin it was certainly voidable, inasmuch as it is •fully proved that Anderson was under twenty-one years of age when he made it.
Against the rescission of the contract, two grounds are taken. First, that it was an executed contract, and, therefore, ca-nnot be rescinded; and second, that Hill being a bona fide purchaser of the slaves, without notice, the contract cannot be rescinded as to the slaves held by him.
First it is said, if an infant pays money on a contract, he cannot recover it back, and that these slaves were given in *224 payment, which is like a payment in money, and they cannot he recovered back. The cases are not analogous. This was a mere exchange of property. As well might it be said, the land and bank stock were taken in payment for the slaves. An infant vendor may recover back his property, real or pér-sonal, but in such cases he must refund what he has received. The case of Stafford v. Roof, 9 Cow. 626, is directly in point. That was an action of trover, for a horse which had been sold by the infant, and for which he had been mostly paid. The defendant had possession of the horse, but there was no evidence of a delivery by the infant. Chancellor Jones adverted to the distinction between contracts accompanied by delivery, and those in which there is no act of delivery, and remarked, that possession by the vendee would be evidence of delivery in the case of an adult, but in case of an infant vendor, there should be strict proof of delivery ; and that a taking, under such a contract, would be tortious, and the action of trover was held to lie. Trover might have been a proper remedy in this case, but inasmuch as the contract was partly execu-tory, the complainant having given two notes, he has a right to the aid of a court of chancery to have the whole contract rescinded.
In many authorities on this subject, which have been examined, no case has been found which bears out the counsel in the distinction taken, that executory contracts will be rescinded, but not contracts executed; and the reason of the law is against such a distinction. True it has been held, that an infant cannot recover back money paid, in an action for money had and received. 8 Taunt. 508. 8 Cow. 84. But these authorities do not come up to the question here. The infant disposed of his personal property, and having done no act to confirm the contract, (if such act be necessary,) and having pursued his remedy in good time after coming'of age, he is entitled to recover.
Second. Is Hill, as a bona fide purchaser, without notice, protected ?- Counsel have not referred its to any authority, in support of this position, nor does it seem to meet the sanction *225 of legal principles. It would defeat , the policy of the law. The doctrine of notice seems applicable to purchasers of real estate only.
The decree of the chancellor must he affirmed.