.Judge Simp son
delivered the opinion of the Court.
The deposition of James W. Griffin, a son of the complainant, was taken during the lifetime of his father, who having died during the pendency of the suit, it was revived and carried on in the name of his widow, who administered on his estate. The deposition was then excepted to and the exception overruled.
The witness was competent at the time his deposition was taken. The fact that he afterwards became interested in the subject matter in controversy, as one of the distributees of the complainant in the original bill, by his death, is not sufficient to deprive the administrator of the benefit of his deposition: (1 Greenleaf on Evidence, 190.)
But his testimony, so far as it went to establish a confirmation of the contract made by the plaintiff in error during his infancy, after he had arrived at full age, should have been excluded upon the ground, that the pleadings did not put that matter in issue between the parties.
The complainant in his original bill asserted a demand against the defendant. The latter, by way of defence, relied upon his infancy at the time the contract was entered into, and that the demand was not for necessaries. These were the only points involved in the issue. If the complainant intended to rely upon a confirmation of the contract by the defendant after his arrival at full age, he should have alleged the fact *260 either in his original bill, or an amendment filed for that purpose, and having failed to do so, testimony to establish it was wholly irrelevant: (McCandless & Co. vs Hadden, 9 B. Monroe, 189.)
A. horse considered not necessary for an infant in the particular case.
.Dunlap for plaintiff; Burton for defendant.
The infancy of the defendant was proved and it does not appear that the horse purchased by him could be deerned necessary for him, talcing into consideration his condition and circumstances in life, at the time of the purchase.
It is very questionable whether under all the circumstances, the testimony could have been regarded as sufficient to establish a confirmation of the contract by the defendant, if that matter could have been inquired into in the state of the pleadings between the parties. But if the fact had been alleged by the complainant and denied by the defendant, thereby making an issue be-: tween them, it is clear it would have been insufficient for the purpose in opposition to’ the denial of the answer, as one witness alone testified upon the subject.
The defendant having sustained his defence, the Court erred in rendering a decree in favor of the complainant.
Wherefore the decree is reversed, and cause remanded, with directions to dismiss the complainant’s billf with costs.