ELIZA CHAPIN, Respondent, *v.* DANIEL SHAFER et al., Appellants.

A mortgage of personal property executed by an infant is voidable at his election at any time before he arrives of age and within a reasonable time thereafter, and is avoided by any act which evinces that purpose. An unconditional sale and delivery of the property to a third person is such an act.

One C., an infant, executed a chattel mortgage upon his horse to defendants to secure a prior indebtedness. Upon the same day he sold and delivered the horse to plaintiff, and refused to deliver it on defendants' mortgage. After the mortgage became due defendants took the horse from plaintiff's possession; shortly after C. became of age, and then ratified the bill of sale to plaintiff by indorsement thereon. In an action to recover possession of the horse, *held*, that defendants were trespassers in taking the horse, and plaintiff was entitled to recover.

(Submitted May 2d, 1872; decided May 21st, 1872.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendants entered upon the report of a referee and directing a new trial.

The action was brought to recover possession of a horse. Defendants denied plaintiff's title and claimed title in themselves. The facts are set forth in the opinion.

*Metcalf & Field* for the appellants. As the order appealed from does not show that the judgment was reversed on questions of *fact*, the case presents nothing but questions of *law*. (Code, § 268, sub. 4, and § 272; *Colwell* v. *Lawrence*, 38 N. Y., 71; *Baldwin* v. *Van Dusen*, 37 id., 487; *Shibley* v. *Angle*, id., 626, 631; *McMahon* v. *Allen*, 32 How., 313; *Barlow* v. *Scott*, 24 N. Y., 40; *Phelps* v. *McDonald*, 26 id., 84.) A chattel mortgage vests title in the mortgagee, subject to being defeated by performance. (*Butler* v. *Miller*, 1 N. Y., 500; *Mattison* v. *Bancus*, id., 295; *Hill* v. *Beebee*, 13 id., 556, 565; *Chadwick* v. *Lamb*, 29 Barb., 518; *Olcott* v. *Tioga R. R. Co.*, 40 id., 179; *Stoddard* v. *Dennison*, 2 Sweeney, 54.) The fact that mortgagor was an infant, does not change the character of the instrument. (*State* v. *Plaisted*, 43 N. H., 413; *Ottman* v. *Moak*, 3 Sand. Ch., 431; *Heath* v. *West*, 8 Foster, 101.) The mortgage being under seal, title passed without manual delivery of the property. (*Bool* v. *Mix*, 17 Wend., 119; *Roof* v. *Stafford*, 7 Cow., 180; 9 id., 626; *Zouch* v. *Parsons*, 3 Burr., 1794; *Breckenridge* v. *Ormsby*, 1 J. J. Marsh, 236.) The mortgage was not void, but at most only voidable. (See cases cited above, and *Eagle Fire Co.* v. *Lent*, 6 Paige, 635; *Gillett* v. *Stanley*, 1 Hill, 121; *Dominick* v. *Michael*, 4 Sand. S. C. R., 418; *Van Nostrand* v. *Wright*, Hill & Denio, 260; *Kendall* v. *Lawrence*, 22 Pick., 540; *Moore* v. *Abanathy*, 7 Blackf., 442; *Johnson* v. *Rockwell*, 12 Ind., 76; *Wallace* v. *Lewis*, 4 Harring., 76; *Jenkins* v. *Jenkins*, 12 Iowa, 176; *Wheaton* v. *East*, 5 Yerg., 41; *Vaughn* v. *Parr*, 20 Ark., 600.) The bill of sale to plaintiff did not operate as a disaffirmance of the mortgage.

(*Palmer* v. *Miller*, 25 Barb., 399 ; *Eagle Fire Co.* v. *Lent*, 6 Paige, 635 ; *Leitensdorfer* v. *Hempstead*, 18 Mis., 269 ; *McGau* v. *Marshall*, 7 Humph., 121.) The covenant to warrant and defend the sale did not enlarge the conveyance. But the covenant is limited by the granting words. (*Sweet* v. *Brown*, 12 Met., 175 ; *Allen* v. *Holton*, 20 Pick., 458 ; *Jackson* v. *Stevens*, 16 John. R., 110 ; *Jackson* v. *Hoffman*, 9 Cow., 271 ; *Snell* v. *Young*, 3 Ind., 379 ; *Corbin* v. *Healy*, 20 Pick., 514 ; *Blanchard* v. *Brooks*, 12 id., 47 ; *Register* v. *Rowell*, 3 Jones' Law, 312 ; *Hurd* v. *Cushing*, 7 Pick., 169 ; *Miller* v. *Ewing*, 6 Cush., 34 ; *White* v. *Bracow*, 14 Ohio [N. S.], 339 ; *McNair* v. *McComber*, 18 Iowa, 12.) The mortgagor could not disaffirm the mortgage without restoring, or offering to restore, the consideration for such mortgage, or making compensation therefor. (*Bartholomew* v. *Finnemore*, 17 Barb., 428 ; *Gray* v. *Lessington*, 2 Bosw., 257 ; *Lock* v. *Smith*, 41 N. H., 346 ; *Morrell* v. *Aden*, 19 Vt., 505 ; *Smith* v. *Evans*, 5 Humph., 70 ; *Bailey* v. *Barnbarger*, 11 B. Mon., 113 ; *Carr* v. *Clough*, 6 Foster, 280.) This rule is not changed by the fact that the mortgage was given subsequent to the purchase of the goods. (*Farr* v. *Sumner*, 12 Vt., 28.) The ratification of sale did not add to its force, particularly as made after suit commenced. (*Carr* v. *Clough*, 6 Foster, 280.) The right of an infant to avoid deed is not assignable, but it is a personal privilege. (3 Kent's Commentaries, 236, 237 ; Bacon's Abr., Infancy, I, 6 ; Bingham on Infancy, 49 ; Tyler on Infancy and Cov., § 19 ; *Austin* v. *Charlestown*, 8 Met., 196 ; *Hoyle* v. *Stowe*, 2 Dev. & Batt., 323 ; Whittingham's Case, 8 Co., 43.) The accounting and striking balance due defendants was not void, but voidable. (*Williams* v. *Moore*, 11 M. & W., 256 ; *Bruce* v. *Warwick*, 6 Taunt., 118.) To the extent of the balance due the defendants for necessaries, the mortgage is neither void nor avoidable. (1 Parsons on Contract, 4th ed., 245 ; *Earle* v. *Reed*, 10 Met., 387 ; *Stone* v. *Dennison*, 13 Pick., 1.) If mortgage was valid for any amount, it gave defendants title after forfeiture. (*Champlin* v. *Johnson*, 39 Barb., 606 ; *Olcott* v. *Tioga R. R. Co.*, 40 id., 179.)

*Henry R. Selden* for the respondent. The chattel mortgage was void for duress. (Com. Dig., Pleader, 2 W., 20; *Foshay* v. *Ferguson*, 5 Hill, 154; *Hassner* v. *Killing*, 5 Esp., 102; *Ford* v. *Phillips*, 1 Pick., 213; *Morse* v. *Wheeler*, 4 Allen, 570; *Breck* v. *Cole*, 4 Sand., 79, 88; *Cumming* v. *Ince*, 11 A. & E., 112, 121; 1 Parsons on Con., 321; Story on Con., § 70.) Being so taken, it was void. (2 Kent's Com., 234, 236; *Tucker* v. *Moreland*, 10 Peters, 68; *Baylis* v. *Dinely*, 3 M. & S., 481; *Fonda* v. *Van Horne*, 15 Wend., 634, 635; Sheppard's Touchstone, 232, 233; Story on Con., §§ 57, 70.) At least it was voidable. (Sheppard's Touchstone, 233.) The debt was not for necessaries, and not binding upon the mortgagor. (Bac. Abr., Infancy, I, 1; *Whittingham* v. *Hill*, Cro. Jac., 494; *Whywull* v. *Champion*, 2 Str., 1083; *Dilk* v. *Kughley*, 2 Esp., 480; Story on Sales, § 38; Story on Con., § 79.) If for a part of the account the debtor was absolutely, and for a part contingently liable, the payment would apply to the former. (*Patterson* v. *Hull*, 9 Cow., 747, 772, 773; *Dows* v. *Morewood*, 10 Barb., 184, 189; *Niagara Bank* v. *Roosevelt*, 9 Cow., 409.) If he was already sufficiently provided with clothing, these were not necessary. (*Burghart* v. *Augerstein*, 6 C. & P.; 25 E. C. L., 69; Story on Con., §§ 77, 78.) An infant cannot bind himself to pay a definite sum, even for necessaries; and such a contract is voidable. (Story on Sales, § 39; Story on Con., §§ 81, 82.) Only an implied contract for necessaries is binding. (1 Am. Lead. Cases, 104.) All mere contracts, except for necessaries, are not binding at all. (See, also, *Henry* v. *Root*, 33 N. Y., 526, 543, 555; *Flinn* v. *Powers*, 30 How., 289, 298; *Millard* v. *Hewlet*, 19 Wend., 302; *Bigelow* v. *Grannis*, 2 Hill, 120.) In *Goodsell* v. *Myers* (3 Wend., 479, 10 Pet., 68); *Ely* v. *Eehle* (3 Com., 508.) An executory contract gives no rights against an infant without ratification, and consequently gave no right to take possession of the horse. (See *Nash* v. *Mosher*, 19 Wend., 435; *Cary* v. *Hotailing*, 1 Hill, 313; *Barrett* v. *Warren*, 3 id., 350; *Stanley* v. *Gaylord*, 1 Cushing, 536.) The mere delivery with a quit-claim of his interest, was

a revocation. (*Shufelt* v. *Shufelt*, 9 Paige, 138, 145; *Post* v. *Dart*, 8 Paige, 640.) At least it gave plaintiff power to revoke mortgage. (3 Burr., 180; Sheppard's Touchstone, 233; *Jackson* v. *Baschin*, 14 J., 127; *B's. heirs* v. *Ormsby*, 1 J. J. Marshall, 236; Blydenburgh on Usury, 107; *Post* v. *Dart*, 8 Paige, 641; *Dix* v. *Van Wyck*, 2 Hill, 522; *Shufelt* v. *Shufelt*, 9 Paige, 138, 145; *Sands* v. *Church*, 2 Seld., 347.) If possible, such a construction should be given that every word in a deed may be operative. *Moore* v. *Jackson*, 4 Wend., 67; *Jackson* v. *Blodgett*, 16 John., 172, 178; Sheppard's Touchstone, 87; *Salisbury* v. *Andrews*, 19 Pick., 253.) Where an infant or one having a right to set up the infancy is acting on the defensive, the plea is available without conditions. (Story on Con., § 62; *Badger* v. *Phinney*, 15 Mass., 359; *Roof* v. *Stafford*, 7 Cow., 179–182; Reeve's Dom. Rel., 244.)

Peckham, J. One George Chapin, an infant, being indebted to the defendants for the balance of an account for three suits of clothes, one for himself and two for others, gave them a chattel mortgage upon a horse, to be void in case he paid $110 in ninety days from the 20th of January, 1868. On the same day he sold the horse to this plaintiff and delivered it to her. He refused to deliver the horse on the mortgage to the defendants. When the mortgage was due, the defendants took the horse from plaintiff's possession, and she brought this action therefor. In August thereafter, directly after George Chapin became of age, he ratified the bill of sale to plaintiff by writing indorsed thereon.

It appeared in the evidence that Chapin was induced to give this mortgage by threats of being arrested for obtaining goods by false pretenses; so testified by him, affirmed by defendents' agent who made the threats by their authority, and not in substance denied by them. The referee found the other way upon this question, and if it be without any evidence to support it, still there is no affirmative finding of duress, nor any request so to find. In such case we cannot review the point.

What right did defendants acquire by this mortgage as against the mortgagor? The horse mortgaged was not delivered to the defendants, but retained by the mortgagor. To this extent this sale by way of mortgage was not executed.

The actual possession remained in the mortgagor. In such case the mortgage is made *prima facie* void by our statute, as against subsequent creditors, etc. (2 R. S., 136, § 5.)

The mortgagor here being an infant, we have the authority of *Stafford* v. *Roof* (9 Cow., 626) that the mortgagees, in such case (no possession having been delivered), would be trespassers in taking possession of the horse.

By another rule of the common law it is declared that where the contract or instrument is to the disadvantage of the infant, it is void; that no contracts of infants are void except those in which it would be better for the infant as a general principle that they should be so held. (*Zouch* v. *Parsons*, 3 Burr., 1805; *Breckenridge* v. *Ormsby*, 1 J. J. Mar., 236; *Keane* v. *Baycott*, 2 H. Blacks., 511; 2 Kent, Johnst. ed., 236.)

It is difficult to see how, as a general principle, it can be advantageous to an infant to give a mortgage upon personal property at a short date to secure an old debt, which as a general rule puts a mortgagor in embarrassed circumstances quite in the power of the mortgagee, certainly in most cases to sacrifice the property at a forced sale. Giving a mortgage to secure the purchase money of property, is a different thing. The end of the rule is the protection of the infant. (See last cases.)

But I do not rest the case upon this ground, as the tendency of modern authorities is to make nearly all deeds or contracts of infants not void, but voidable.

Assuming that the mortgage is voidable only, then the mortgagor had a right to avoid it at any time before he arrived at age, and within a reasonable time thereafter, by any act which evinced that purpose (*Bool* v. *Mix*, 17 Wend., 119; *Stafford* v. *Roof*, *supra*; *State* v. *Plaisted*, 43 N. H., 413),

and an unconditional sale of the property is such an act. (See last case.)

I think the sale to this plaintiff on the same day the mortgage was executed, and the delivery of the horse to her, was such a sale.

True, the terms of the sale were all the vendor's "right, title and interest" in the property, but afterwards came a covenant "to warrant and defend the sale of said goods and chattels, *hereby made* unto the said Eliza, against all and every person whomsoever."

The bill of sale embraced many other chattels of the vendor, and these words therein were obviously intended to convey the chattels absolutely. Taking the whole instrument together, · it was an unconditional sale with warranty. · Such is its manifest purpose. The covenant of warranty so in substance speaks. The cases referred to by the appellants' counsel are all cases of real estate, where the rules of construction are different. In sales of personal property, warranty of title is always implied; not so as to real estate.

The mortgage is thus absolutely avoided.

Again, the ratification of the bill of sale after the infant's arrival at age was for a like purpose, treating it as a "bill of sale and assignment" of the property. The purpose to ratify this and to rescind the other is plain; no particular form of words was necessary. This avoided the mortgage. It was thus made void. The defendants' authority for taking the horse was gone. The defence was thereby struck out. I incline to think this operated to make the defendants trespassers from the beginning in taking the horse. Their title was never perfected. Before it ripened, it was extinguished by this dissent.

The order should be affirmed and judgment absolute for plaintiff.

All concur except FOLGER, J., not voting.

Judgment accordingly.