THOMAS A. MILLER, an Infant, by his Guardian, *vs.* ELIHU SMITH.

October 24, 1879.

**Chattel Mortgage by Infant—Disaffirmance—Return of Consideration.**—The mortgage of an infant upon his personal property for borrowed money, there being no delivery of the mortgaged property, is voidable at his election, at any time during his infancy; and if the property is taken from his possession, under the mortgage, without his consent, he may reclaim the same, upon disaffirmance of the contract, without returning or offering to return the money borrowed, it not appearing that he has the ability so to do.

Appeal by defendant from an order of the district court for Nobles county, *Dickinson*, J., presiding, refusing a new trial. The action was for the wrongful taking and subsequent conversion, by the defendant, of one pony and one yoke of oxen, the property of plaintiff.

*Clark & Soule* and *M. J. Severance,* for appellant.

*Daniel Rohrer,* for respondent.

CORNELL, J. The complaint is not only for an alleged wrongful taking originally, and an unjust detention, but for a subsequent conversion of the property after demand. There was some evidence to support a finding that after the purchase of the property by defendant at the foreclosure sale, and while he still had it in his possession and control, the plaintiff disaffirmed the transaction, on the ground of his infancy, demanded a return of the property, which was refused, and that the defendant afterwards sold and disposed of the same to his own use. The exception taken to the refusal to charge the defendant's second request cannot, therefore, be sustained.*

The main point presented for adjudication, however, is upon the correctness of the court's refusal and charge upon

* This request was, "That this is an action for a wrongful taking; and unless the plaintiff proves a wrongful taking, he cannot recover in this action."—[REP.

the right of the plaintiff, because of his infancy, to avoid the mortgage he gave to the defendant, and reclaim the mortgaged property, without returning to the defendant the money which he borrowed of him, and for which the mortgage was given as security. The instruction asked was as follows: "The plaintiff, if a minor, could not disaffirm the sale by mortgage to the defendant, and reclaim the mortgaged property in question as received by it, without returning the money secured by it." This the court refused, and thereupon instructed the jury that, "if they should find the plaintiff to be a minor, still he may recover in this action, without returning or offering to return to defendant the consideration secured by the mortgage in question, or the money by him borrowed of defendant." To this refusal and instruction the defendant excepted, and now claims error on the ground that the plaintiff could not avoid the mortgage without repaying the loan made of defendant, and that is the only point presented for our consideration.

The facts bearing upon this point, as gathered from the evidence, viewed in the most favorable light for defendant, are briefly these:

The plaintiff, an infant, being indebted to one Law upon a promissory note of $40, part purchase-money of a pony, made a loan of the defendant which he mostly used in paying up that note. To secure this loan, he gave the defendant his note, secured by a chattel mortgage upon the pony and a yoke of oxen, of which the note and mortgage in controversy are renewals. The amount of this last note and mortgage is $70 principal, due in two months, and drawing twelve per cent. per annum interest. This sum of $70 actually included $12.70 for discount, commission, charges and expenses, so that plaintiff realized on his loan only $70, less that sum. It is recited in the mortgage that the pony was bought of one Law for $65, and the cattle of one Funk for $125, and that they had been paid for. No delivery of the mortgaged property was ever made by the plaintiff to defendant, but they

were taken from his possession without consent, upon default in the conditions of the mortgage, and sold on foreclosure, the defendant bidding them in himself, when plaintiff gave notice of his disaffirmance of the note and mortgage, and demanded possession of the property.

The plaintiff testifies that he used the pony for herding, and the cattle for plowing and breaking. Aside from this, there was no evidence tending to show the plaintiff's business or occupation, or bearing at all upon his condition or circumstances in life. Upon these facts it is clear that the mortgage was not one for securing the purchase-money of mortgaged property bought of the mortgagee, as was the case in *Cogley* v. *Cushman*, 16 Minn. 397, 402, cited by defendant; neither was it a contract of security for necessaries, nor for moneys to be used in buying them. A pony is not within the class of necessaries, as that term, in its legal sense, is ordinarily used and applied. *Rainwater* v. *Durham*, 2 Nott &. McCord, 524; *Smithpeters* v. *Griffin*, 10 B. Mon. 259; *McKanna* v. *Merry*, 61 Ill. 177; *Merriam* v. *Cunningham*, 11 Cush. 40. It can never be so regarded, except, perhaps, in a case where, from some special circumstances, its use to the infant can be deemed essential in serving some of the purposes of an article of necessity, by supplying some of his actual wants and needs, regard being had to his situation and condition in life. If the existence of such circumstances is claimed in any case, the burden of showing the fact is upon the party making the claim. It will not be presumed as against the infant. 2 Greenl. Ev. § 364.

In the case at bar no such special circumstances were shown, and there was no evidence tending to show that the plaintiff needed a pony for any use beneficial to himself. The mere fact that he used it for herding was not enough. It does not appear that he used it as a means of support, or that his needs or necessities required it. His note to Law was not, therefore, a binding obligation upon him, and the note and mortgage given to defendant, for money with which to pay it,

cannot be upheld upon any principle applicable to the executory contracts of infants for necessaries. They stand upon no better footing than like obligations of an infant, given for borrowed money, payable at a future day, without any delivery by him of the property covered by the mortgage to the mortgagee. As such they were voidable at the option of the infant, at any time during infancy, or within a reasonable time thereafter; (*Stafford* v. *Roof*, 9 Cow. 626; *Chapin* v. *Shafer*, 49 N. Y. 407; *Randall* v. *Sweet*, 1 Den. 460;) and it may well be questioned whether the illegal exactions which the defendant in this case retained, for discount, commission and expenses, out of the sum for which the plaintiff gave his note and mortgage, drawing interest at twelve per cent. per annum, did not render the whole transaction absolutely void as against the infant. It was clearly inequitable and disadvantageous to his interests. But whether void, or voidable only, is, perhaps, an immaterial inquiry, for the reason that the point of the defendant's objection to the refusal and instruction does not rest upon the proposition that the plaintiff could not legally avoid the note and mortgage in question, and reclaim his property, but that he could not do so without returning the amount of the loan.

If an infant can borrow money upon mortgage security upon his property, without any reference to his necessities, and cannot, upon reaching the age of legal discretion and capacity, or before, repudiate the transaction, except upon the condition of returning the amount of the loan whether he has it or not, this privilege, which the law accords to infancy for its protection, will generally be of little benefit. Under the operation of such a rule, money-lenders would soon become permanently possessed of the property of infant spendthrifts, for with them the temptation to borrow for immediate gratification is generally too great to be resisted. Its adoption as a rule would be in violation of the principle of protection that underlies the whole doctrine of the law pertaining to the dealings and contracts of infants.

In the case at bar it is not shown that the plaintiff retained any portion of the borrowed money at the time he gave notice of disaffirmance to defendant, and demanded a return of his property; but it affirmatively appears that he had already spent most of it in taking up the Law note. Under these circumstances, an offer to return the loan or to pay it was not necessary to enable him to reclaim his property, or to maintain this action. *Manning* v. *Johnson,* 26 Ala. 446; *Walsh* v. *Young,* 110 Mass. 396; *Chandler* v. *Simmons,* 97 Mass. 508.

As the plaintiff has remitted from the verdict the amount found for damages for the detention of the property, the consideration of defendant's last point is unimportant and unnecessary.

Order affirmed.