GUSTAV E. SPARMAN, an Infant, by Guardian, etc., Appellant, *v.* JOHN KEIM, Respondent.

The fact that there are allegations of fraudulent representations in a pleading does not necessarily fix the character of the action as one *ex delicto*.

Plaintiff's complaint alleged in substance that he is an infant; that induced by false and exaggerated representations of the defendant as to the profitable nature of his business, to wit, " that it would yield large profits," he was induced to become a partner, and invested $1,000 therein ; that becoming satisfied of the falsity of the representations, he demanded his money back, which was refused, and he asked judgment for the amount. The only representation proved on the trial was " that it was a good paying business." The plaintiff was nonsuited on trial, on the ground that the cause of action stated in the complaint was in tort. *Held*, error ; that the allegations of the complaint made a good cause of action on contract, as the agreement of partnership was one an infant could avoid, and having done so, plaintiff was entitled to recover back his money, less what he had received from the partnership.

(Argued December 7, 1880 ; decided December 21, 1880.)

APPEAL from judgment of the General Term ot the Superior Court of the city of New York, in favor of defendant, entered upon an order made August 1, 1878, overruling plaintiff's exceptions, and directing judgment on an order dismissing plaintiff's complaint on trial.

The body of the complaint in this action is as follows:

" I. That the plaintiff is an infant under the age of twenty-one years.

"II. That on the 5th day of October, A. D. 1874, at said city of New York, upon application duly made on his behalf, the said Chas. J. Nehrbas was, by an order of this court, duly appointed the guardian of the plaintiff for the purposes of this action.

"III. That on or about the 1st day of July, A. D. 1874, the said defendant, by means of false representations, obtained from said plaintiff the sum of $1,000, to be invested in a certain artistic decorating business which said defendant falsely represented would yield large profits, but on the contrary said business is and has been ever since said 1st day of July, A. D. 1874, constantly losing money, and furthermore said defendant is appropriating whatever profits may be and are realized, to his own use and benefit, to the great damage and injury of the plaintiff.

"IV. That relying upon such representations on the part of the defendant, the plaintiff did on or about said 1st day of July, 1874, pay over to said defendant, at his instance and request, said sum of $1,000 for the purposes of said business.

"V. Plaintiff also shows that between about June 11, 1874, and about July 1, 1874, said plaintiff, at the request of the defendant, lent and advanced unto such defendant, and also to and for his use by payments to other parties at his instance, divers sums of money, viz., altogether about $401.95, upon condition that the same should be repaid upon demand, but the defendant has wholly failed to repay the same though payment thereof has been duly demanded; and that said amount of money, so lent and advanced and paid out, as aforesaid, was thereafter, upon the formation of such partnership, allowed by the defendant as part of such $1,000 contributed as herein above mentioned, and constitutes a portion of the same.

"VI. That the plaintiff, upon ascertaining the falsity of the representations made by defendant as aforesaid, and before the commencement of this action, has demanded a return to him, plaintiff, of the aforesaid $1,000 by the defendant, who, however, utterly refused so to do, and still so refuses.

"Wherefore the plaintiff asks judgment against said defend-

Statement of case.

ant, for the sum of $1,000, with interest thereon from the 1st day of July, A. D. 1874, besides the costs of this action."

On the trial, plaintiff proved the allegations of the complaint as to infancy, the loan of money, the formation of the partnership and his investment therein of the sum claimed, and the demand for the return of the same and refusal. The only representation of defendant inducing the arrangement proved was that the business was a good paying business. It appeared also that plaintiff received from the business $112.69, which he offered to deduct from the sum advanced by him.

At the close of plaintiff's evidence defendant's counsel moved for a dismissal of the complaint on the ground that the representations complained of, admitting them to be false, were simply expressions of opinion, and so not false representations in the legal acceptation of the term. The motion was granted, to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard in the first instance at General Term.

*William F. Pitshke* for appellant. The complaint is on contract and not *ex delicto*. (*Read* v. *Lambert*, 10 Abb. [N. S.] 428, 438; *Mann* v. *Morewood*, 5 Sandf. 557; *Keteltas* v. *Myers*, 19 N. Y. 231, 233; *Byxbie* v. *Wood*, 24 id. 607, 612; *Veeder* v. *Cooley*, 2 Hun, 74.) An adult cannot draw in an infant to experiment on such infant's money in changing and enlarging the adult's business without liability. (*Kline* v. *L'Amoureux*, 2 Paige, 419; *Millard* v. *Hewlett*, 19 Wend. 301; *Chapin* v. *Shafer*, 49 N. Y 407; *Badger* v. *Phinney*, 15 Mass. 359; *Whitmarsh* v. *Hall*, 3 Denio, 375; *Stafford* v. *Roof*, 9 Cow. 626; *Bool* v. *Mix*, 17 Wend. 119; *State* v. *Plaisted*, 43 N H. 413.) The right of rescission is absolute and unconditional. Restoration of adult to his former position is not a prerequisite. (*Green* v. *Green*, 4 N. Y. Weekly Dig. 570 [decided May 22, 1877]; 69 N. Y. 556; *Heath* v *Stevens*, 48 N. H. 252.) An infant may be a copartner (though not liable for losses) and be entitled to the benefits resulting from the partnership. But such contract is voidable by him at pleasure. (*Goode* v. *Harrison*, 5 Barn. &

Ald. 158, 159 ; Simpson's "Law of Infants," 44, 45 ; *Corpe* v. *Overton*, 10 Bing. 252 ; *Everett* v. *Wilkins*, 29 L. Times Rep. [N. S.] 846 ; *Van Winkle* v. *Ketcham*, 3 Caines, 323 , *Housten* v. *Cooper*, 3 N. J. Law Rep. [2 Penn.] 431.) A cause of action is not necessarily *ex delicto* because of the averment of "false representations." (*Ross* v. *Terry*, 63 N. Y. 614 ; *Freer* v. *Denton*, 61 id. 492, 495 ; *Harway* v. *Mayor*, 1 Hun, 629, 630, 631 , *Byxbie* v. *Wood*, 24 N. Y. 607, 612.) The question of fraud became immaterial on proof of infancy, which gives plaintiff a right of recovery (*Corpe* v. *Overton*, 10 Bing. 252 ; *Everett* v. *Wilkins*, 29 Law Times [N. S.], 846 ; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y. 359 ; *Poor* v. *Guilford*, 10 id. 276.) Although a complaint contains assertions of fraud the action may be still *ex contractu.* (*Graves* v. *Waite*, 59 N. Y. 156 ; *Greentree* v. *Rosenstock*, 61 id. 583, 589 ; *Vilmar* v. *Schall*, id. 564.) For a mistaken belief as to the profitableness of the transaction, an infant may rescind to get back. his money from defendant if the belief was kindled by defendant. (*Smith* v. *Macklin*, 4 Lans. 41, 44, 45 ; *Taylor* v *Scoville*, 3 Hun, 301, 303 ; *Buel* v. *Boughton*, 2 Denio, 91 ; Ewell's Lead. Cas. on Infancy, 126.)

*Leonard E. Curtis* for respondent. The gravamen of the cause of action averred in the complaint is false representations, and as no false representations have been proved, even if the evidence should disclose a good cause of action, the complaint must be dismissed because its essential allegations have not been proven. (*Gasper* v. *Adams*, 28 Barb. 441 ; *Kelsey* v. *Western*, 2 N. Y. 506.) The statement made by the defendant that the business would pay largely was a mere expression of opinion and was not a false representation. (2 Pars. on Cont. [5th ed.] 778 ; *Collins* v. *Evans*, D. & M. 669 ; *Young* v. *Covell*, 8. Johns. 20 ; *Tryon* v. *Whitmarsh*, 1 Metc. 9.) The infancy of the plaintiff does not help him because an infant cannot recover money advanced on a voidable contract, unless it was obtained from him by fraud. (1 Parsons on Contracts [5th ed.], 322 ; *Aldrich* v. *Abrahams*, 3 N. Y. Leg. Obs.

128.) This was an executed contract, and even if it be conceded that the money was paid to the defendant, plaintiff cannot recover it without restoring the consideration. (*Bartholomew* v. *Finnemore*, 17 Barb. 428; *Gay* v. *Livingston*, 2 Bosw. 257; 2 Kent's Com. 240; *Ex parte Laylor*, 8 DeG., M. & G. 254; *Corpe* v. *Overton*, 10 Bing. 253; *Holmes* v. *Blogg*, 8 Taunt. 508.)

FINCH, J. The plaintiff was nonsuited upon the ground that the cause of action stated in his complaint was for a tort and rested upon allegations that his money was obtained from him by the false and fraudulent representations of the defendant. If that is the true and only proper construction of the complaint the nonsuit was right, for no false representations as to facts were either alleged or proved. Those alleged were only that the artistic decorating business, into which the plaintiff was invited to put his capital, "would yield large profits," and the only representation proved was "that it was a good paying business." The representations were promissory and matter of opinion, and had respect to the developments of the future. There was nothing in them on which to found an action *ex delicto*.

But we do not think that is a just or proper construction of the complaint. It alleges no facts to sustain an action for a tort, but does allege facts sufficient to sustain an action on contract. Its allegations are these: that the plaintiff is an infant; that he loaned and advanced to the defendant various sums of money, amounting to $401.95; that thereafter defendant, by false and exaggerated representations of the profitable nature of his business, induced the plaintiff to become his partner; that plaintiff was thereby induced to agree to put $1,000 as capital into the business; that he did so by allowing the previous loan to be applied on his share of capital, and paying the balance in cash; that, becoming satisfied of the falsity of the representations, he demanded his money back, which was refused; wherefore he demands judgment for $1,000. These allegations make a good cause of action

on contract.    The pleader may not have so intended, and he is certainly wrong in insisting that the mere numbered paragraphs of his complaint were so many separate counts or causes of action.   But there is one and only one cause of action stated in the complaint.  It fails to furnish ground for a recovery in tort, but does furnish facts to sustain an action on contract.

Almost all of the contracts of an infant are voidable and liable to be rescinded.   This contract was of that character. (*Millard* v. *Hewlett*, 19 Wend. 301 ; *Chapin* v. *Shafer*, 49 N. Y. 407 ; *Bool* v. *Mix*, 17 Wend. 119 ; *Stafford* v. *Roof*, 9 Cow. 626 ; *Goode* v. *Harrison*, 5 Barn. & Ald. 159 ; *Corpe* v. *Overton*, 10 Bing. 252 ; *Green* v. *Green*, 69 N. Y. 553.)   The infant avoided it as he had a right to do.   The proof shows that he had received no benefit from it except the sum of $112.69, which, on the trial, he said had been paid him out of the business, and which he offered to restore by deducting it from his claim, and asking judgment only for the balance with interest.   He, therefore, both alleged and proved a good cause of action on contract.    That there were allegations of fraudulent representations in the complaint does not of necessity fix the character of the action.   Thus, it was held in *Veeder* v. *Cooley* (2 Hun, 74) that where the complaint was sufficiently sustained by the testimony, it was not enough to authorize a nonsuit if a cause of action was otherwise set forth, that it contained an allegation suited to an action *ex delicto*.   And in *Byxbie* v. *Wood* (24 N. Y. 607), it was decided that a complaint under the Code, stating false representations of defendant by which the plaintiff was induced to pay him money, does not necessarily stamp the action as one in tort.   To the same purport are other authorities. (*Neftel* v. *Lightstone*, 77 N. Y. 96 ; *Ross* v. *Terry*, 63 id. 614 ; *Freer* v. *Denton*, 61 id. 492 ; *Graves* v. *Waite*, 59 id. 156.)   It follows, therefore, that the nonsuit was erroneous and the plaintiff's exception thereto well founded.

The judgment should be reversed ; new trial granted ; costs to abide the event.

All concur.

Judgment reversed.