HENRY STERN AND CHARLES EICHOLD, RESPONDENTS, *v.* JOHN MEIKLEHAM, APPELLANT.

*Contract for the purchase of a stock in trade by an infant — right of the vendor to sue, alleging fraud, and attach the goods — right of the infant to affirm or disaffirm the contract on his arrival at his majority.*

An infant carrying on business purchased some hats and caps in the course thereof, and about six months after such purchase made a general assignment of his stock in trade, including a considerable portion of such hats and caps, for the benefit of his creditors. Thereupon the seller of the hats commenced an action, alleging fraud on the part of the infant, and procured an attachment and levied upon the stock in trade.

*Held,* as the contract of purchase was not for necessaries and, therefore, was not obligatory, that the action was premature in being brought prior to the majority of the infant.

That as the purchase was not clearly to the disadvantage of the infant the contract therefor was not void, but was voidable, and during his infancy the purchaser was incapable of either affirming or disaffirming it.

APPEAL by the defendant John Meikleham from an order of the Albany County Court, entered in the office of the clerk of the county

of Albany on the 23d day of January, 1888, affirming a judgment, rendered in the above-entitled action by a justice of the peace of the city of Cohoes, in favor of the plaintiffs and against the defendant; also from the judgment, entered, on the 23d day of January, 1888, in the office of the said clerk, in favor of said plaintiff and against said defendant.

The defendant, an infant, carried on for three years a store in Cohoes for the sale of hats and caps. In June, 1883, he purchased hats and caps of the plaintiffs amounting at the agreed price to $194.25, and placed them with his stock in his store. He did not pay the plaintiffs therefor, and, in December, 1883, he made a general assignment for the benefit of creditors of his stock in trade, including a considerable portion of the hats and caps bought of the plaintiffs. The plaintiffs commenced this action before a justice of the peace, and, alleging fraud, procured an attachment and levied upon the stock. The defendant appeared by guardian upon the trial and alleged and proved his infancy; the plaintiffs recovered, and this appeal is from an affirmance of the judgment by the County Court.

*Henry A. Strong*, for the appellant.

*Doyle & Fitts*, for the respondents.

LANDON, J.:

This action was prematurely brought. The contract was not for necessaries, and, therefore, was not obligatory; it was not clearly to the disadvantage of the infant, and, therefore, was not void; it was of an uncertain nature as to benefit or prejudice, and, therefore, was voidable. (2 Kent's Com., 236; *Chapin* v. *Shafer*, 49 N. Y., 407; *Henry* v. *Root*, 33 id., 526; *Sparman* v. *Keim*, 83 id., 245.) But while the defendant's infancy continued he was incapable of affirming or disaffirming it. He has his election after becoming of age. (*Beardsley* v. *Hotchkiss*, 96 N. Y., 201, 211; *Walsh* v. *Powers*, 43 id., 23 and cases *supra*.) The defendant was still an infant when this action was tried.

The judgment should be reversed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment reversed, with costs.