Per Curiam.

There is nothing in the return that affords ^he jeast color for any pretence of unfairness or injustice in the proceedings before the justice.
Ih the case of Pierce v. Sheldon, (13 Johns. Rep. 191.) the justice was the jather-m-law or the plamtra; and the court ⅛ was, perhaps, questionable, whether he was not, on the ground of that relationship, disqualified to try the cause. It was remarked, that “the gross indecency of an exercise of his judicial power in such a case would induce the court to scrutinize his proceedings with a jealous eye.” In that case, the cause was tried by the justice, alone, who gave judgment in favor of his son-in-law. In the present case, there was a trial by jury. Besides, the affinity was very remote. We think the objection to the justice is not well founded. To disqualify him from trying a cause, the relationship must be so near, as to amount, of itself, to evidence of partiality and fraud. The objection to the juror, even if it had been sufficient at the trial, is now too late to be made here. The judgment ought, therefore, to be affirmed.
Judgment affirmed.