CAIN *against* INGHAM.

THIS cause being called for trial at the circuit, and there being a deficiency of jurors in the regular panel, a *tales de circumstantibus* was awarded; and the sheriff summoned on the spot one Clapsaddle, whose father had married the widow of the defendant's brother. Clapsaddle's father died before the trial; and his widow, also the widow of the defendant's brother, lived in the house with Clapsaddle.

The verdict being for the defendant, a motion was now made, in behalf of the plaintiff, to set aside the verdict for the incompetency of the juror. As an excuse for not challenging the juror, it was shown by affidavit, that the plaintiff was old, infirm, and very deaf; so as not to be apprized that the talesman was called till after he was sworn, and it was too late to challenge him. And he was unknown to the counsel.

It was insisted for the plaintiff, that the law recognizes the relationship by marriage; that husband and wife are considered as one; and, in that view, the defendant was uncle to Clapsaddle; that the kin being within the 9th degree, was a cause of principal challenge. (3 Bl. Com. 363.)

*Mere matter of evidence against a juror, on a challenge to the favor, is no cause for setting aside a verdict, unless it appear that he was in fact influenced in his verdict by the cause alleged.*

*That a juror's father had married the defendant's brother's widow, the father being dead at the time of the trial, is no ground for principal challenge by the plaintiff.*

*When affinity is a cause of principal challenge, see note at the end of this case.*

ALBANY,
Oct. 1827.

Cain
v.
Ingham.

*A. Loomis, for the motion.

N. S. Benton, contra.

*Curia.* There was no kindred or subsisting affinity between the defendant and the talesman, which could operate as a principal cause of challenge.(a) At most, the facts alleged would have been evidence before triors, on a challenge to the favor. The triors might have found for or against Clapsaddle's competency, according as they should believe him indifferent or not. It is going too far to say, that matter of mere evidence upon a challenge to the favor, matter which is undefined, and infinitely diversified and multifarious, shall be a cause for setting aside a verdict, when it is accompanied with no evidence that the juror is in fact influenced from that cause. Nothing of this kind appears; and the motion must be denied.

Motion denied.

(a) Affinity, (or relationship by marriage,) is a ground of principal challenge, (Co. Litt. 156, a; Mounson v. West, 1 Leon. 88;) but it must be a subsisting affinity, at the time of the challenge. (Id.) It is not absolutely necessary that the marriage should remain; but the affinity is continued by there being issue of the marriage. (Mounson v. West, Supra.) Thus; that the sheriff's wife was sister to the plaintiff's wife; (Markham v. Lee, cited 1 Leon. 89;) that the sheriff had married a daughter of Elizabeth, sister of the plaintiff's mother; (21 E. 4, 2, cited Leon. 89, as 22 E. 4, 2, and vid. 10 H. 7, 7;) that one of the jurors had married the defendant's mother; (14 H. 7, 2, cited also 1 Leon. 89;) or that the brother of the defendant's wife had married the daughter of the sheriff; (15 H. 7, 9, cited also 1 Leon. 89;) were holden principal causes of challenge. And so, in Mounson v. West, the challenge was to the array; because the sheriff had taken to wife the cousin german of the plaintiff, et exea, had issue living, the mother being dead. This was interposed as a principal challenge; and, on demurrer, held good by three of the justices of the C. P.; Periam, J., hesitating whether it was a principal cause of challenge, unless it was averred that the issue, &c., was inheritable to the land. But, where, as in the principal case, the marriage is dissolved by death; and the tie of affinity does not appear to be continued by issue, it has long been holden that there is no cause of principal challenge. (10 H. 7, 7, per Bryan.) "The cause ceasing, the effect doth likewise cease." (Finch's Law, 8.) And at page 9, this author draws, for one illustration of the maxim, upon the year book, (7 H. 7, 2:) "It is no principal cause of challenge to a juror, that he hath married the party's mother, if she be dead without issue: for the cause of favor is removed."