## THE STATE *v.* REASON TURNER.

A motion in arrest of judgment or for a new trial will not be sustained upon the ground that one of the grand jurors who found the indictment, was one of the jurors who tried the case.

The objection would have constituted a good ground of challenge, but could not avail after verdict.

Where the judgment of the district court does not state reasons and refer to the law on which it is founded, it will be amended in these respects by the Supreme Court.

APPEAL from the District Court of West Feliciana, *Stirling*, J. *Isaac Johnson*, Attorney General, for the State. *Cowgill* and *Dunlap*, for appellant. The judgment of the court was pronounced by

PRESTON, J. The defendant was tried and found guilty of assaulting one *Mayer* with a dangerous weapon, and has appealed from the judgment of the lower court sentencing him to eight months imprisonment.

He applied for a new trial, on the ground of newly discovered evidence, which the district court refused to grant, and we cannot say refused improperly. He made a motion to arrest the judgment upon the verdict against him, on the ground that one of the grand jurors who found the, bill of indictment against him, was also one of the petit jury who rendered the verdict under which he was about to be sentenced.

It was held in the State of South Carolina, in the case of the *State* v. *O'Driscoll*, in which precisely the same circumstances occurred, that though it would have been a good ground of challenge, it was not a sufficient ground for a new trial. So also in the case of the *State* v. *Quarrell*, it was decided by the same court that an alien, having set upon the trial, although incompetent by law, was not a sufficient reason for granting a new trial, inasmuch as he was not challenged. 2 Bay's Rep. 152, 153.

In Pennsylvania, in the case of *Duane* v. *Hollingsworth*, it was decided, after much argument and deliberation, and upon an extensive review of the authorities, that alienage might have been a cause of challenge before the juror was sworn, but that advantage could not be taken of it after verdict. 4 Dallas' Rep. 354. The same principle was maintained by the Supreme Court of that State in the case of *McCorkle* v. *Burns*. 5 Binney's Rep. 348.

So in New York, in the case of *Egleston* v. *Smiley*, it was held, that though one of the jurors who tried the cause was related to the plaintiff, yet, as he was not challenged at the time, the objection could not afterwards be made, there appearing to be no unfairness in the trial. 17 John. Rep. 133.

Having found no authority to the contrary, it seems to preponderate against the motion for the accused, even if it had been made for a new trial; which would have been the most proper application.

It is also assigned as error in this case, that the court did not give any reasons for its judgment nor refer to the law in support of the same, and in this respect the judgment should be amended.

It is therefore ordered, adjudged and decreed, that *Reason Turner*, for having been prosecuted, tried and found guilty by the verdict of a jury of the parish of West Feliciana, on the 17th day of December, 1850, of having on the 23d of June, 1850, assaulted *Jacob J. Mayer*, with a dangerous weapon, and inflicting wounds upon him short of maiming, and by virtue of the fourth section of an act approved the 7th day of February, 1829, entitled "an act supplementary to an act entitled an act for the punishment of crimes and misdemeanors," be imprisoned in the parish jail of the parish of West Feliciana, for the term of eight months; pay a fine of one dollar, the costs of prosecution, and stand committed until the sentence is complied with.