Comstock, J.
The writ of certiorari I suppose to be a special proceeding, according to the classification of remedies contained in the Code of Procedure (§ 2). The final order in such proceedings can be appealed to this court, where it affects a .substantial right. (Code, §11, subd. 3.) A return being made to the writ, an order quashing it on the merits, or on the ground that no such writ ought to have been issued, is final, because it terminates the proceeding. Such an order can be reviewed in this court, provided it affects a substantial right. But no such right is affected unless the relator is entitled to prosecute the remedy by the law of the land. If the matter rests in the discretion of the court, so that the application for the writ may be granted or denied upon considerations of public convenience or policy in the particular case, then it may be quashed at any. time by the court from which,it issued for the same reasons, and this court will not review the decision.
In this State it is extremely well settled that in cases like the .present, the allowance or refusal of the writ of certiorari rests in the sound discretion of the court. In the matter of Mount Morris square (2 Hill, 28), Mr. Justice Cowen said: “We have a discretion to grant or withhold a certiorari in all cases, and in general we ought not to allow the writ where assessments of taxes or awards of damages are in question, which may affect any considerable number of persons. If there *533 be a want of jurisdiction even in the judicial act sought to be reviewed, or, in other words, if there be an excess of legal power by which any person’s rights may be injuriously affected, an action lies; and it is much better that he should be put to this remedy than that the whole proceeding should be arrested and perhaps finally reversed for such a cause.’’ In the case of The People v. Supervisors of Allegany (15 Wend., 206), Justice Bronson examined the subject very elaborately, showing with great clearness that, in cases of this kind especially, the writ of certiorari does not issue ex débito justitice, but only on application to the court and on special cause shown. “ The reason,” he observed, “ is, that these bodies [such as boards of supervisors, commissioners of highways, and the like] exercise powers in which the people at large are concerned, and great public inconvenience might result from interfering with their proceedings." In that case, the writ was quashed after a return had been made, on the ground that in the exercise of a sound discretion, and for reasons connected with the public convenience, it ought not to have been issued.
In the case now before us, on the motion to quash the certiorari, the court, it is true, examined the proceedings of the commissioners and considered them regular; but although that .reason was assigned for the decision, it does not alter the essential nature of the order sought to be reviewed. It was a discretionary order, and if we were to review and reverse it upon the supposed legal merits of the case, it would still be competent for the same court, purely as a matter of discretion, to make another in the same terms. If that court, instead of quashing the writ, had in due form reversed or affirmed the proceedings of the commissioners, the legal merits of those proceedings would have been involved in the decision, and I see no reason to doubt that an appeal might have been brought to this court. But the order made simply denied to the relators the benefit of the writ by directing it tobe quashed; and' this, as we have seen, violated no legal right.
The appeal must be dismissed.
Appeal dismissed.