# SUPREME COURT.

## MARTIN COLE agt. MATTHEW VAN KEUREN.

*Motion for a new trial — relationship of a juror — newly discovered evidence.*

A new trial will not be granted on the ground of relationship of one of the jurors to one of the parties within the ninth degree, where it appears that no objection was made at the trial, and no injury on that ground appears to have been sustained by the party against whom the verdict was rendered, although such relationship was then unknown to either party.

The parties having accepted the twelve men as jurors, and thus waived any objection to the verdict founded on the incompetency of the jury, and as the verdict of the eleven jurors is valid, the finding should not be set aside on that ground.

Evidence of the same character and nature as that given upon the former trial is clearly cumulative ; and it is none the less so that the proposed new witnesses are supposed, by their official position, to be more conversant with the facts disclosed and proved on the merits of the case upon the former trial.

*Ulster Special Term, July,* 1876.

MOTION for a new trial on newly discovered evidence, and because of the relationship of one juror to the plaintiff.

*S. L. Stebbins,* for defendant and motion.

*William Lounsbery,* for plaintiff and opposed.

WESTBROOK, J.   This action, originally commenced in justice's court to recover for injuries done to plaintiff's clothes, was removed into this court by a plea that the *locus in quo*

was a highway. Upon the second trial of the action at the Ulster circuit in April, 1873, the plaintiff had a verdict for twenty-five dollars. The judgment upon the verdict has been affirmed, both at the general term of the supreme court and the court of appeals ; and, after such affirmance, a motion is made for a new trial at the special term upon two grounds, to wit : First. That the wife of Solomon Sahler, a juror, is the third cousin of plaintiff; and second, that the defendant has, since the former trial, discovered new and material evidence, which can be produced upon another trial. These points will be considered in the order stated.

In disposing of the first, I assume that the consanguinity of the wife of the juror to the plaintiff is proven, and that it is within the ninth degree. No objection was, however, taken upon this ground at the trial, and the rule seems to be well settled, that in such a case, the relationship will not vitiate the verdict. Mr. Wait ( *Wait's Practice, vol. 3, page 397*) thus states the rule : " The fact that one of the jurors was related to the successful party in the action, and that they were on terms of friendship together, is not sufficient to support a motion for a new trial (*Onions* agt. *Naish*, 7 *Price's Exch.*, 203 ; see *Hewit* agt. *Ternelly, id.*, 234.") *Eggleston* agt. *Smiley* (17 *Johnson*, 133) ; *Pierce* agt. *Sheldon* (13 *id.*, 191) ; *A. N. R. R.* agt. *Cramer* (7 *Howard*), are also in point.

If this was an original question, I should feel at liberty to examine it *de novo.* Some of the older cases, to which reference has been made, are certainly erroneous in holding that when the judge is related, and no objection made, the judgment will stand. As there is then no court (the judge being prohibited from sitting as such), there can be no judgment, and consent cannot make a judge, when the statute forbids it. A civil action, however, can be tried by eleven jurors, and conceding that consent would not make the individual related a good juror (a proposition which is very doubtful, as I have found no statute in this state declaring that no juror can act

as such when he is related to either party within the ninth degree, whilst there is one prohibiting a judge from acting in that capacity when he is thus related), yet the verdict by the eleven would be good (*See opinion of* PAIGE, *J., in Enos* agt. *Dayharsh*, 5 *N. Y.*, 533–534). I am aware that it may be answered that the objection to the juror was not made because the relationship was not known. This answer would be entitled to weight, if any injury had been done by the acceptance of the juror, or if an attempt had been made by the plaintiff to get a relative upon the jury to influence the verdict. Nothing of this kind is pretended, and the relationship, if any existed, was as unknown to the plaintiff as to the defendant. Under such circumstances, as the parties accepted the twelve men as jurors, and thus waived any objection to the verdict founded upon their incompetency, and as the verdict of the eleven is valid, the finding should not be set aside on that ground.

The printed case shows that, upon the trial of this action, evidence was given by the defendant as to the user of this road by the public for a series of years, to establish it as a highway. The alleged newly discovered evidence, on which the second ground for a new trial depends, is simply additional and other evidence of user. Perhaps, if it had been given upon the former trial, the result might have been otherwise, but it is clearly "*cumulative*," *i. e.*, evidence of the same character and nature with that given upon the former trial. The fact that the parties who used the alleged highway were officers of the town, does not add any value to the user, nor change the evidence so as to take it out of the rule. I have had occasion, quite recently, in *Cole* agt. *Cole* (50 *Howard*, 59), to examine the question, what is cumulative evidence? The conclusion there reached was, that "when the alleged new evidence is of the same character with that offered upon the former trial it is cumulative," and unless I can justly make a new rule, because the parties are different, the motion for a new trial upon this ground must

Cole agt. Van Keuren.

also be denied. Of course, the rule that when the evidence is cumulative the motion for a new trial will be denied, is too well settled to be questioned. Litigation would never end were it not enforced. No opinion is expressed upon the merits of the action. The decision of the general term of this court, and also that of the court of appeals have foreclosed discussion thereon.