GEORGE W. STEDMAN, AS ASSIGNEE OF CHARLES E. STEDMAN, APPELLANT, *v.* JOHN BATCHELOR, SHERIFF OF ONEIDA COUNTY, RESPONDENT.

*Juror — what objection to his qualifications is available only upon a challenge — Code of Civil Procedure, sec. 1180.*

Upon the trial of an action, brought against a sheriff to recover damages for the conversion of personal property, a verdict was rendered in favor of the defendant. Upon an appeal from an order denying a motion made by the plaintiff to set aside the verdict, on the ground that one of the jurors was a deputy sheriff appointed by the defendant, it appeared that the sheriff was fully indemnified against all liability by reason of seizing the property in question.

*Held,* that as the objection was not raised by a proper challenge upon the trial, and as no misconduct of the juror in the jury-box, and no injury to the plaintiff arising from his acting as a juror, were disclosed by the affidavit used on the motion, the order should be confirmed.

APPEAL from an order denying a motion to set aside a verdict, heard upon affidavits.

The trial of an issue of fact in this case took place at the Oneida Circuit, and a verdict was rendered for the defendant.

The facts involved in the motion are very fully stated in the following opinion of Mr. Justice WILLIAMS :

" Jefferson Special Term. Argued February 17, 1888; decided March 3 1888.

" WILLIAMS, J. Motion by plaintiff to set aside a verdict, and for a new trial, on the ground : One of the jurors was a deputy, appointed by the defendant, sheriff of Oneida county. The action was for the conversion of personal property. The taking, alleged to have constituted a conversion, was by a deputy of defendant, by virtue of replevin papers, in an action by one Richmond against plaintiff's assignor. The trial was had at the Rome Circuit, in November, 1887, and the verdict was for defendant. Richmond, plaintiff in the replevin action, indemnified the defendant, sheriff, for taking the property, and when this action for conversion was brought Richmond assumed the defense of the action, employed the counsel, and had the sole charge of the trial. The sheriff was not present at the trial and paid no attention to it. His deputy, who took the property under the replevin papers, was present at the trial, and was sworn as a witness. One of the jurors who sat in the trial was named Brooks, and was a deputy of the defendant, having been appointed in April, 1887. He was one of the regular panel of petit jurors at the term, and sat in many of the civil cases tried at the term. It was not known to the court that he was a deputy sheriff until after all the civil business at the term had been disposed of. Neither the plaintiff nor his counsel, nor Richmond nor his counsel, who tried the case for the defense, knew the juror was a deputy sheriff until after the verdict in question had been rendered. The defendant himself, of course, knew the juror was one of his deputies, but it does not appear he had any knowledge personally that the juror was sitting in this trial. The juror himself, of course, knew he was a deputy sheriff, but it does not appear he actually knew this rendered him incompetent to sit as a juror, or that there was any impropriety in his sitting as a juror in this case. No challenge was made to the juror ; he was not sworn as to his competency, and no evidence was

given upon the subject. The court was not asked to make any decision, and did not make any decision, as to the competency of the juror. The usual course pursued at the circuit, as to the jury, was adopted in this trial. Upon the jurors being called and taking their seats in the jury-box, counsel informally inquired, so far as they deemed it necessary, as to their competency, rejected peremptorily such as they desired, and finally announced the jury to be satisfactory, and the trial proceeded. It is claimed plaintiff's counsel made inquiries of this juror, and he answered he knew defendant, and had had a little business with him a week or two before, but nothing personal, and knew of no reason why he could not sit fairly as a juror in the case, and upon a general inquiry being made to all the jurors at once whether any of them knew or had business relations or connections with defendant, this juror made no reply. The inquiries and answers made by the jurors were none of them taken down by the court or stenographer, and the affidavits with reference thereto used on this motion are from recollection, and not from any written memoranda, so far as appears. The affidavit of the juror himself is not produced on the motion. This gives pretty correctly, I think, the facts as they appear from the papers used upon this motion.

It is provided, by section 1029, Code Civil Procedure, that a deputy sheriff is disqualified to serve as a trial juror; but it is also provided, by section 1180, that an objection to the qualifications of a juror is available only upon a challenge. I apprehend, in view of this latter provision, that a verdict in a civil case (where the sheriff is not a party) could not be set aside for the reason that a deputy sheriff sat upon the jury, where no objection to the juror was made before the trial was had, by challenge. The provision of the Code is so clear upon this point that authorities hardly seem to be necessary. This provision, in terms, covers all kinds of disability, but must, of course, be read in connection with section 1166, which provides, as to a particular disability, relation by consanguinity or affinity, that one party may raise the objection within six months from the date of the verdict. This case is not, however, within the provisions of this section.

"I do not agree with plaintiff's counsel that the provisions of section 1180 relate only to the qualifications prescribed by section

1027. I think it covers also the disqualifications provided in section 1029. I am unable to perceive how the question of statutory disability is affected by the fact the sheriff himself is a party to the action. The disability does not grow out of the fact of employment, but of official position; the statute in the same connection provides for the disability of the sheriff, under sheriff and deputy sheriff. My conclusion is, therefore, that the plaintiff is not entitled to have this verdict set aside by reason of the statutory disability of the juror, on account of his being a deputy sheriff.

"It is further claimed there was such misconduct on the part of the juror, in concealing his official position and his relations with defendant, and perhaps such wrong on the part of the defendant himself, as should lead the court to set aside the verdict and order a new trial. I am not inclined to believe the juror intended to conceal his official position or to deceive the plaintiff's counsel or the court. I have not the least idea he knew or understood he was disqualified by his official position from serving as a juror. He had served all through the term without objection, and without the question being raised or his disability being suggested. He stated he knew defendant and had had business with him recently. He was not asked the nature of the business. If he had been, very likely such a question would have led to his disclosing his official position. There may be some doubt as to the precise manner in which the inquiries were made, but even assuming the recollection of plaintiff's attorney is correct, I could hardly conclude therefrom that the juror intentionally, dishonestly concealed his official position. Nor do I believe the defendant was actually guilty of any wrong in the matter. He really felt no interest in the trial, and very likely did not know this juror was sitting in the case at all. I am not willing to find, from the papers, there was any intentional wrong on the part of the juror or the sheriff in the matter.

"It is said there was a manifest impropriety in this juror's sitting in the case, because the sheriff was the defendant, and the alleged conversion consisted in the taking of the property by another deputy, for whom the juror would be likely to have sympathy and favor, by reason of his own liability to be placed in a similar position himself. It must be remembered, however, that the sheriff and the deputy

who took the property were indemnified; they had no real interest in the litigation. The question in controversy was really between plaintiff and Richmond, who procured the property to be taken. There was no peculiarity in the taking that could render such taking conversion. The right to take or not was dependent upon other questions of fact, which neither the sheriff nor his deputy were responsible for as between Richmond and them. There is nothing to lead me to believe this juror was not, in fact, an impartial juror between the parties. All the other jurors seem to have come to the same conclusion he arrived at, and, under the circumstances, I am of the opinion, so far as the question is one of discretion, I ought not to use such discretion in setting aside the verdict and ordering a new trial."

*F. L. Wager* and *Willard Rinkle*, for the apppellant.

*Sayles, Searle & Sayles*, for the respondent.

HARDIN, P. J.:

We think the opinion of Mr. Justice WILLIAMS, delivered upon denying the motion, fairly states the facts involved in the motion and accurately quotes the law applicable to the same.

In chapter 416 of the Laws of 1877, page 463, section 1180 of the Code of Civil Procedure was amended by inserting at the commencement thereof this sentence: "An objection to the qualifications of a juror is available only upon a challenge." It may be conceded that a good ground for a challenge existed at the time the jury was impanneled, but the party in whose favor the challenge might have been made available waived his right to insist upon the challenge by his omission at the circuit to take the same.

In *Bennett* v. *Matthews* (40 How. Pr., 428) it was held that a verdict will not be set aside as irregular because one of the jurors was an alien, an unnaturalized citizen, where the objection was not raised and proper challenge made when the jury was drawn. In such case the parties are concluded, although the fact forming the objection may not have come to their knowledge until after the trial.

In *Clark* v. *Van Vrancken* (20 Barb. 278) it was held, "an omission to challenge is a waiver of all objection to a juror, in like manner as an omission to plead a defense is a waiver of the defense;" and it

was also held, in that case, that a party could not "raise the objection that some of the jurors who sat upon the trial were not competent, as such, for want of the requisite property qualification."

In *Salisbury* v. *McClaskey* (26 Hun, 262) the rule was laid down "that while the relationship of a juror to a party is ground of challenge for principal cause, yet if the objection is not taken when the jury is impanneled the presence of the disqualified juror is not ground for a new trial, although the disqualification was not known to the defeated party, unless it appears he was actually prejudiced by it." (*Woodward* v. *Dean*, 113 Mass., 297; *Rollins* v. *Ames*, 9 Am. Dec., 79.)

A similar doctrine was laid down in *Cole* v. *Van Keuren* (51 How., 451), and it was also said in that case, viz. : "The relationship, if any existed, was as unknown to the plaintiff as to the defendant. Under such circumstances, as the parties accepted the twelve men as jurors, and thus waived any objection to the verdict founded upon their incompetency, and as the verdict of the eleven is valid, the finding should not be set aside on that ground." *Hathaway* v. *Helmer* (25 Barb., 29) does not aid the appellant, as in that case a challenge was made to the juror and overruled at the trial.

In *Paulitsch* v. *New York Central and Hudson River Railroad Company* (19 Weekly Dig., 73) it was said that a motion of this character should be made upon affidavits, or upon a case settled, or both, and that the party in that case was not entitled to raise, upon appeal, an objection to a juror which was known to him at the time of the impanneling of the jury, as by taking the chances of the verdict of the jury he had waived the objection. That case, therefore, does not aid the appellant.

In *Schuyler* v. *Thompson* (15 Abb. [N. S.], 220) I had occasion to examine a question somewhat similar to the one now presented, and I there said, viz. : "Great latitude is allowed at the circuit, in procuring a jury, for a party to determine what jurors are qualified and indifferent between the parties. (3 R. S. [5th ed.], 718.) Parties who do not avail of that latitude and the rules established to secure as jurors persons who are strictly qualified, in the absence of proof that injustice has been done, should be held to waive objections or causes for challenge which might have been ascertained

with diligence. (*People* v. *Jewett*, 6 Wend., 388; *Eggleston* v. *Smiley*, 17 Johns., 133; *Cain* v. *Ingham*, 7 Cow., 478; *Dayharsh* v. *Enos*, 1 Seld., 531.) No such injustice is shown in this case, and the motion to set aside the verdict is denied, with ten dollars costs."

The order which I made at the time of delivering that opinion was affirmed by the fourth department, General Term, January, 1874. In the case in hand it appears that Batchelor, the sheriff, was fully indemnified against all liability by reason of seizing the goods in question, and apparently he had no personal interest in the event of the issue tried at the circuit. The affidavits used upon the motion do not disclose any misconduct in the jury-box of the juror Brooks, and nothing appears to show that any injustice was suffered by the plaintiff in consequence of the sitting of Brooks as a juror.

Section 723 of the Code of Civil Procedure declares, viz.: "The court must disregard an error or defect in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party."

We think the Special Term properly denied the motion.

FOLLETT and MARTIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.