GEORGIE PETRIE, by G. HARRISON SMITH, her Guardian ad Litem, Respondent, *v.* FREDERICK WILLIAMS, Appellant.

*Executory contract avoided by an infant — conversion of notes by the infant's attorney — measure of liability — evidence — excuse of a juror by the court upon its own motion.*

An executory contract relating to the personal property of an infant may be avoided by the infant during her infancy.

In an action brought to recover the amount of certain promissory notes belonging to an infant which had been delivered to her attorney in settlement of an action brought to recover damages for a breach of promise of marriage, instituted in her behalf, the complaint alleged that such notes had been converted by one Williams and one Breen (Breen having been the attorney for the plaintiff in the breach of promise suit) to their own use. The answer of Williams alleged that, under an agreement made between the plaintiff and Breen, the latter was to receive as compensation for his services in the breach of promise suit one-half of any sum that might be recovered in that action, and that Breen (the attorney) was authorized to make sales of the notes in question, and that

Williams had purchased certain of the notes in good faith and for value before maturity, and that before the commencement of the action Breen had paid to the plaintiff the full sum to which she was entitled.

*Held,* that if Williams did not act in good faith in obtaining the money on such notes, by means of the discount thereof, he ·was not entitled by way of equitable offset to more than the attorney had a right to hand over to the infant, or more than the attorney would have a right to be allowed were he the general guardian of the infant.

Upon the trial of the action a witness, called on behalf of the defendant, stated that two exhibits were made at one time and were from dictation. She was asked whether she sometimes took dictation from the attorney in the infant's presence with reference to her matters. This was excluded upon the plaintiff's objection, and the defendant excepted. Subsequently, in response to other questions and objections, the court stated that if the witness could say that papers relating to the breach of promise case were written by the witness in the presence of the attorney and the infant she might so testify. The witness thereupon answered : " Well, I don't think I can say that positively."

*Held,* that the first exception, when considered in connection with the ruling made by the trial judge and the answers made by the witness, presented no error.

*Semble,* that the fact that upon the second trial of the action, the first judgment rendered having been reversed as to one defendant upon appeal, a juror drawn on the panel was excused by the court upon the court's own motion, upon the ground that it appeared by his examination that he was present at the former trial of the cause and heard all the evidence and the summing up of the counsel and the charge of the court, does not entitle the unsuccessful party upon the second trial to a new trial, although he excepted to such ruling, if it does not also appear that he had exhausted his challenges when the ruling was made, and if there is nothing in the case to indicate that the unsuccessful party suffered by the action of the court in discharging the juror.

APPEAL by the defendant, Frederick Williams, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 14th day of February, 1894, upon the verdict of a jury rendered after a trial at the Jefferson Circuit, and also from an order made at the Jefferson Circuit denying the defendant's motion for a new trial made upon the minutes.

The action was commenced in January, 1891, against the appellant and one Thomas H. Breen. A trial was had at the Circuit and a verdict was recovered against both defendants, and on an appeal taken to this court the judgment rendered on the first trial was affirmed as to Breen and reversed as to Williams. The opinion delivered in this court appears in 68 Hun at page 589. The defend-

ant Breen has died since the appeal was heard and before the trial now brought in review.

Plaintiff's complaint alleges that on December twenty-first she was the owner of five promissory notes, in amount and value of $3,000, which were executed by Jeremiah Petrie and delivered to her attorney, Breen, payable to his order, and "thereafter the said defendants, Thomas H. Breen and Frederick Williams, took possession of the said notes and converted them to their own use, and refused to return them to the plaintiff, although duly requested so to do, and sold and disposed of said notes and used the avails of such sale or sales for their own use and benefit."

In the answer of the defendant Breen it is alleged that the notes were given in settlement of an action brought by this plaintiff against Petrie for breach of promise of marriage. The answer of the appellant alleges that it was agreed by and between the plaintiff and Breen that said Breen should undertake the prosecution of such action, in consideration of being paid for his services therein one-half of any sum that might be obtained or recovered of said Petrie by verdict or compromise, and that the notes in question, amounting to $3,000, belonged, $1,500 to the plaintiff and $1,500 to said Breen, and that Breen was authorized by the plaintiff to make sales of the notes " and out of the proceeds of the notes so obtained and purchased by this defendant, he, said Breen, before the commencement of this action, paid and turned over to the plaintiff in money and property the full sum thereof which she was entitled to receive under and pursuant to their said agreement and contract."

*Watson M. Rogers,* for the appellant.

*Elon R. Brown,* for the respondent.

HARDIN, P. J.:

When this case was before us on the former appeal (68 Hun, 589), in the course of the opinion it was said: " Under the circumstances of this case, we think the plaintiff was entitled to maintain this action." And in the course of the opinion it was also said: " We think it must be regarded as settled in this State that an executory contract relating to the personal property of an infant may be avoided by her during her infancy. (*Bool* v. *Mix,* 17

Wend. 119; *Stafford* v. *Roof*, 9 Cow. 626; *Chapin* v. *Shafer*, 49 N. Y. 407; *Sparman* v. *Keim*, 83 id. 245; *Beardsley* v. *Hotchkiss*, 96 id. 201)." In the course of the opinion it was further said, viz.: "The appellants also contend that the plaintiff could not recover in this action without tendering to the defendant Breen all she received. To this there are two answers: *First*, that the defendants were permitted on the trial to prove all that had been advanced to the plaintiff, and the jury deducted that amount from the value of the notes other than those delivered to Williams for real estate; and, *second*, all the money that had been paid to the plaintiff by Breen had been expended or squandered by her during her infancy." So far as the questions referred to in the opinion arise upon the trial now before us, we should follow the doctrine laid down in the opinion. After the trial judge had delivered his charge, the defendant's counsel asked the court to charge "That the defendant is entitled to credit in this action for whatever amounts Breen has paid to the plaintiff." The request was refused and an exception taken. Thereafter the court observed: "Of course I do not want you to misunderstand it. I stated in my charge that Breen was entitled to credit, or that the plaintiff should be charged in this case with whatever sum was paid by Breen that was reasonably necessary for her under all the circumstances, considering her then condition and circumstances, and everything of that kind. * * * Whatever he paid that was reasonably necessary for her to have for her support and maintenance." Thereupon the counsel for the defendant stated, viz.: "We claim here that he is entitled to credit for whatever Breen paid, because this is an action of trover, and if she received these notes, if she received the proceeds, of course she could not recover in trover for it." Thereupon the court remarked, "I will give you an exception. I will not change my charge," and the defendant took an exception. The defendant also requested the court to charge "That no recovery in this action of trover can be had against this defendant for any portion of the notes which has been paid to the plaintiff." The request was refused in the following language: "I refuse to charge except as I have upon that." By the evidence it appears that the defendant had been concerned in the conversion of $2,500 of the notes; that they had been discounted and that he had received the pro-

ceeds thereof, inasmuch as the notes had been paid by the maker; and one important question in respect to the defendant was, whether he was a *bona fide* holder for value. That question was fully and fairly submitted to the jury, and it must be assumed that the jury has found that he was not a *bona fide* holder of the notes, and that, according to the doctrine laid down in the opinion in this case on the former appeal, he was liable to respond to the plaintiff for the money realized by him on the sale of the notes, less the credits which had been allowed, according to the doctrine laid down in *Comstock* v. *Hier* (73 N. Y. 269); *Farnham* v. *Benedict* (107 id. 159). The court, in its charge, allowed the defendant to receive the benefit of such sum as the jury should find was reasonable compensation for the services rendered by Breen in and about bringing the action for breach of promise, which resulted in producing the notes in question. There was some evidence given upon the trial tending to show that Breen had, prior to the commencement of this action, advanced to the plaintiff on sundry occasions sums which, in the aggregate, amounted to $1,286. By refusals to charge as requested, the jury was not allowed to diminish the claim of the plaintiff by allowing all of such sums. In the course of the charge it was stated that the jury was only allowed to regard the claim of the plaintiff as valid to the extent of $2,500, diminished by such sum as should be allowed for the payments made that were found by the jury to be "reasonably necessary for her under all the circumstances, considering her then condition and circumstances, and everything of that kind;" or, to. put it in the further language used by the trial judge, "whatever he paid that was reasonably necessary for her to have for her support and maintenance." A majority of the court are of the opinion that the restrictions put by the trial judge as to the right of the jury to find upon the advances made to the plaintiff were not too stringent, and that if there was a conversion of the notes and the defendant did not act in good faith, he was not entitled by way of equitable offset to more than Breen had a right to hand over to plaintiff or more than Breen would have a right to be allowed were he the general guardian of plaintiff.

(2) When May Brown was testifying in behalf of defendant she stated that Exhibit 7 and Exhibit B were both made at one time, and were from dictation. Thereupon a general question was propounded

to her in the following language : " I ask you whether you some-
times took dictation from Mr. Breen with reference to her matters
in her presence ? " This was objected to, and the court observed
that it was not competent and excluded the evidence, and the
defendant took an exception. Subsequently, in response as to other
questions and objections, the court observed : " If she can say that
papers relating to the breach of promise case were written by her
in the presence of Breen and the plaintiff, she may state it." The
witness thereupon answered : " Well, I don't think I can say that
positively." We think the exception first referred to, when con-
sidered in connection with the ruling made by the trial judge and
the answers made by the witness, present no error.

(3) It is stated in the case that " Martin V. Knight, a juror drawn
on the panel, was excused by the court upon the court's own motion,
upon the ground that it appears by his examination that he was
present during the former trial of this case, heard all the evidence
and summing up of counsel and the charge of the court. To the
ruling, excusing the juror, defendant excepted." It does not appear
in the case that the defendant had used any of his challenges when
this ruling was made. Nor is there anything in the case to indicate
that the defendant suffered by the action of the court in discharging
the juror.

In *Greenfield* v. *The People* (74 N. Y. 277) it was held, viz. :
" One who has formed an opinion or impression, from the reading
or report, partial or complete, of the testimony against a prisoner on
a former trial, however strong his belief and purpose that he will
decide the case on the evidence to be adduced, and will give an
impartial verdict thereon, unbiased by that impression, cannot be
readily received as a juror indifferent towards the prisoner and
wholly uncommitted." In the case before us nothing appears to
show that any injustice was suffered by the defendant. (See *Sted-
man* v. *Batchelor*, 49 Hun, 390, and cases cited in the opinion ;
§ 723, Code Civ. Proc.)

It seems the testimony received against the exception of the
defendant taken at folio 171 and at folio 174 was stricken out on
motion of the defendant. When the motion was made the plain-
tiff's counsel remarked : " I assent that it be stricken out." Some

other evidence was taken after an objection made by the defendant under a remark made by the court, " I will receive it for the present." Subsequently a colloquium occurred between the court and the counsel, and the court observed : " If you object, I will strike all this out that has been read," and thereupon the counsel for the defendant remarked : " It is fair to us that part should be in, because there was a great deal of talk on the other trial ;" and thereupon the court observed : " I will let you put it in and reserve the question and dispose of it afterwards." After that remark made by the court, the counsel for the defendant said : " Then we will let it go in." We think no error is presented by the exceptions taken at the folios mentioned.

We have looked at numerous other exceptions incidentally referred to in the argument of the appellant's counsel, and are not persuaded that any of them present an error prejudicial to the defendant requiring us to disturb the verdict.

The foregoing views, if assented to, lead to the conclusion that the verdict should stand.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.