(81 App. Div. 295.)

## BRADT v. PECK.

(Supreme Court, Appellate Division, Third Department. March 27, 1903.)

1. JURORS—DISQUALIFICATION—RELATIONSHIP TO PARTIES—TIME OF OBJECTION —JUSTICES' COURTS.

Under Laws 1883, p. 238, c. 234, amending Code Civ. Proc. § 1166. so as to provide that persons shall be disqualified from sitting as jurors if related to a party to the issue, and that the party not so related to a juror must raise the objection within six months from date of verdict, and Laws 1894, p. 1816, c. 725, adding subdivision 14 to Code Civ. Proc. § 3347, declaring that the disqualification of jurors as provided in section 1166 shall apply to all courts, the provision that objection on the ground of disqualification of juror by relationship must be taken within six months after verdict applies to justices' courts.

Smith, J., dissenting.

Appeal from Fulton County Court.

Action by Chauncey Bradt against Philander W. Peck. From a judgment of the County Court affirming a judgment of a Justice's Court in favor of plaintiff, defendant appeals. Affirmed.

A jury was duly drawn and sworn in the Justice's Court, and, after hearing the proofs of the parties, rendered a verdict in favor of the plaintiff. Judgment was entered against the defendant October 25, 1901. On the 7th day of November, 1901, defendant served a notice of appeal from said judgment to the County Court of Fulton county. One of the jurors before whom the action was tried was related to the plaintiff by consanguinity in the sixth degree. On the 7th day of June, 1902, defendant served a notice of argument of said appeal, and at the same time he served affidavits showing said relationship, and a notice that they would be read upon the argument of said appeal.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

N. H. Anibal, for appellant.

Anibal & Smith (W. W. Smith, of counsel), for respondent.

CHASE, J. At common law, judges and jurors related to a party within the ninth degree were disqualified. By chapter 234, p. 238, of the Laws of 1883, section 46 of the Code of Civil Procedure was amended so as to provide: "A judge shall not sit as such in * * * a cause or matter * * * if he is related by consanguinity or affinity to any party to the controversy within the sixth degree." By the same act of the Legislature there was added to section 1166 of said Code the following provision: "Persons shall be disqualified from sitting as jurors if related by consanguinity or affinity to a party to the issue in the same cases in which judges are disqualified. The party related to the juror must raise the objection before the case is opened; but any other party to the issue may raise the objection within six months from the date of verdict." By chapter 725, p. 1816, of the Laws of 1894, subdivision 14 of section 3347 of said Code was added, as follows: "The disqualification of jurors, as provided in section eleven hundred and sixty-six of this act, shall apply to all courts."

The objection to the juror in this case was not raised within six months from the date of verdict. Appellant contends that section 1166,

so far as it limits the time within which the objection can be raised, is not applicable to Justice's Court. The purpose of that part of said section 1166 quoted is to change the common-law rule. By it the "disqualification of jurors" is not only limited to persons related to a party within the sixth degree, but it is further limited in its application to cases where the person related to the juror raises the objection before the case is opened, and where any other party to the issue raises the objection within six months from the date of verdict. The effect of the statute is to make a judgment based upon the verdict of a jury, on which was a juryman related within the prohibited degree to one of the parties to the action, voidable within the time mentioned, and not absolutely and forever void, as it was under the common law. It is a statute tending to protect the interests of persons dealing in good faith with property in any way affected by a judicial determination based upon the verdict of a jury. It is also in accord with that principle in equity that requires a person to be diligent in asserting his rights. The limitation on the right to raise the objection is the most important part of the change from the common-law rule.

We are of the opinion that subdivision 14 of said section 3347 was intended to make said section 1166, so far as it in any way relates to the disqualification of jurors, including the limitation on the time in which the objection to such disqualification can be raised, applicable to all courts. An objection to a juror sitting in a Justice's Court, on the ground that he is related to a party within the sixth degree, must be taken within the time mentioned in said section 1166.

The judgment should be affirmed, with costs. All concur, except SMITH, J., who dissents.