BALLARD v. VAN TUYL.

(Supreme Court, Appellate Division, Fourth Department.  January 11, 1911.)

NEW TRIAL (§ 42*)—DISQUALIFICATION OF JUROR.

Under Code Civ. Proc. § 1166, providing that the first 12 jurors who
are approved and are not excused constitute the jury, amended by Laws
1883, c. 234, providing that persons shall be disqualified as jurors if re-
lated to a party to the issue in the same case as judges are disqualified,

any party to the issue not related to the juror may raise the objection within six months from the date of verdict, that a juror is related by affinity to a party to the issue within the sixth degree.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 77; Dec. Dig. § 42.*]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Yates County.

Action by Abram Van Tuyl against Matilda M. Ballard. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William H. Fiero, for appellant.

George S. Sheppard, for respondent.

SPRING, J. The action was tried at the Trial Term of this court in the county of Yates, and the verdict was for the defendant. One of the jurors was related by affinity to the defendant within the sixth degree, and was therefore disqualified to sit as a juror in the case. Section 1166, Code Civ. Proc.; section 15, Judiciary Law (Consol. Laws, c. 30). Neither the plaintiff nor his attorney knew of this relationship at the time of the trial. The defendant states in his affidavit that he did not observe that his relative was a juror until the trial was in progress, and he did not disclose his knowledge. Within six months from the rendition of the verdict and within six weeks after the plaintiff learned of the relationship, a motion was made in her behalf to set aside the verdict because of the disqualification of the juror referred to. Affidavits made by the jurors were presented in opposition to the motion, in which they set forth that they were unanimously in favor of the defendant from the commencement of their deliberations, and that Hurd, the disqualified juror, did not participate in any discussion, and in fact no discussion was had by the jurors. The court denied the motion "on the ground that it does not appear that any injustice was done the plaintiff."

I think this position is untenable, and that the order should be reversed. At common law the relationship of the proposed juror within the ninth degree to one of the parties was ground of challenge for principal cause. 2 Nichols' Practice, p. 2192. There was no statutory provision apparently regulating the mode of testing the juror's relationship and the method of examination and challenge at the trial was adopted. Nor was there any statute providing for relief from an adverse verdict where one of the jurors was related within the prohibited degree to the successful litigant. A practice, however, obtained of making a motion at Special Term to set aside the verdict on the ground of the relationship of the juror. The motion was not granted unless it appeared that the moving party did not know of the relationship at the time of the trial, and in some cases not then, unless it appeared he was prejudiced by the presence of the disqualified juror. Salisbury v. McClaskey, 26 Hun, 262; Cole v. Van Keuren, 51 How. Prac. 451.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 1166 of the Code of Civil Procedure, when these cases were decided, simply provided that the "first twelve persons * * * who appear and are approved as indifferent between the parties, and are not discharged or excused * * * constitute the jury." By chapter 234, Laws 1883, this section, and also section 46 of the Code of Civil Procedure relative to the relationship of the judge by reason of consanguinity or affinity, were amended. By these amendments the prohibition was reduced to the sixth degree. Now section 15 of the Judiciary Law. The judge within that degree is prohibited from sitting or taking part in the case, and that prohibition was absolute before the amendment. The following clause was added to section 1166:

"Persons shall be disqualified from sitting as jurors if related by consanguinity or affinity to a party to the issue in the same cases in which judges are disqualified. The party related to the juror must raise the objection before the case is opened; but any other party to the issue may raise the objection within six months from the date of verdict."

The language "shall be disqualified from sitting" is imperative and prohibitory equally with that adverted to governing the disqualification of a judge, and exists in the same cases; only the objection must be raised as prescribed by the statute. The party related must raise the objection before the case is opened, or he is foreclosed entirely. "Any other party" has six months after the rendition of the verdict in which he "may raise the objection." If the objection is "raised" within that time it is just as effective as if "raised" by challenge at the trial. In other words, such a verdict is voidable, dependent upon the action of the defeated party within the terms of the statute.

The object of the statute is to insure jurors who are not related by consanguinity or affinity to the parties litigant; and if by any reason a party is defeated in an action by a panel of jurors, any of whom are disqualified by reason of relationship, certain redress is afforded him. He should not be required to satisfy the court that injustice has been done him by reason of the presence of the disqualified juror. The affidavits of the jurors in any case could be produced in repudiation of the charge that they were influenced improperly by the disqualified juror. The relief asked for should be granted if the other conditions prescribed in the statute prevail, and should not be dependent upon the affidavits of jurors. Their deliberations should not be divulged, and there is nothing in this statute warranting any such dangerous practice.

In Bradt v. Peck, 81 App. Div. 295, 81 N. Y. Supp. 105, the motion was denied because the objection was not raised within six months from the date of the verdict. The court, however, thus construed the statute at page 297:

"The effect of the statute is to make a judgment based upon the verdict of a jury, on which was a juryman related within the prohibited degree to one of the parties to the action, voidable within the time mentioned and not absolutely and forever void as it was under the common law."

It may be that a party knowing of the relationship at the time of the trial, and not raising any objection to such juror's presence, would be deemed to have waived his right to make the motion. That ques-

·tion, however, is not before us. In this record it appears without dis-
;pute that the relationship existed, that it was within the prohibited
·degree, that the defendant knew of it during the trial, that neither the
·plaintiff nor his attorneys were cognizant of the relationship, and the
motion to obtain redress was made within the prescribed time.

The order should be reversed, with $10 costs and disbursements of
this appeal, and the motion to set aside the verdict granted. So or-
·dered. All concur, except McLENNAN, P. J., and KRUSE, J., who
dissent in an opinion by KRUSE, J.

KRUSE, J. (dissenting). I do not think it was intended by the
·amendment of 1883 to section 1166 of the Code of Civil Procedure to
·permit a party to an action to sit by at a trial and not inquire into the
relationship of jurors to his adversary, take the chances of a trial, and
·if beaten have the verdict set aside at any time within six months from
the rendition thereof, where it appears that he was not prejudiced
·thereby. While the provisions of section 1180 of the Code, requiring
an objection to the qualifications of a juror to be taken by challenge
·have been modified, so that the disqualification of a juror by reason of
·relationship to a party may be raised after verdict, as provided in the
·amendment to section 1166, that does not require or warrant a court in
setting it aside, if no harm has come to the party moving to set it
·aside. Such a disqualification of a juror is unlike that of a judge who
is related to one of the parties within the prohibited degree of rela-
·tionship. In the latter case a judgment rendered by a disqualified
judge is void, but not so as regards a disqualified juror. Neither un-
·der the common law nor under the statute has it ever been held that
·the verdict of a jury, of which one of its members is related to one of
the parties within the prohibited degree, is void. Salisbury v. Mc-
·Claskey, 26 Hun, 262; Stedman v. Batchelor, 49 Hun, 390, 3 N. Y.
Supp. 580; People v. Mack, 35 App. Div. 114, 54 N. Y. Supp. 698;
People v. Thayer, 132 App. Div. 593, 116 N. Y. Supp. 821.

I think the order refusing to set aside the verdict and denying the
·motion for a new trial should be affirmed.