Edwin B. Wixom and Another, Doing Business under the Name of E. B. Wixom & Son, Plaintiffs, *v.* Morey Randazo, Defendant.

County Court, Putnam County, June 28, 1934.

*Francis C. Dale*, for the plaintiffs.

*Ryder & Donohoe*, for the defendant.

Bailey, J. This is an application to set aside and cancel the transcript of judgment of the justice of the peace, which transcript was filed in the county clerk's office on June 8, 1934, and upon the filing thereof became a judgment of this court for certain purposes.

The judgment debtor in making the application alleged that the justice of the peace before whom the judgment was obtained was related by affinity to one of the plaintiffs within the sixth degree and that the judgment, therefore, was void because the justice of the peace was without jurisdiction.

It is agreed by all parties that the relationship was established by the marriage of Clayton S. Wixom, one of the plaintiffs, to a daughter of the justice of the peace, of which marriage there was a child born. The plaintiff contends that the death of his wife, which occurred in April, 1923, constituted a severance of the relationship and also severed the tie of affinity. The child of the aforesaid marriage survived her mother and is still living.

This question as to whether such a relationship has been kept alive through the survivorship of the issue of a marriage has been very infrequently raised. In my quest for light upon this subject I have found but one case bearing directly upon this point. In *Paddock* v. *Wells* (2 Barb. Ch. 331) one of the vice-chancellors had held that he was related to one of the parties to a cause within

the fourth degree of affinity and disqualified himself for that reason. The question was appealed to the chancellor, who in his opinion said: " The defendant in this case, during the life of her husband, stood in the fourth degree of affinity to the vice chancellor of the fifth circuit as her husband was related to him in the fourth degree of consanguinity. The death of her husband, however, would have severed this tie of affinity, entirely, had not the living issue of the marriage, in whose veins the blood of both parties was commingled, continued to preserve the relationship by affinity through the medium of such issue of the marriage. This distinction between the severance of the tie of affinity by the death of the husband, or wife, without issue, and the continuance of the tie between the blood relatives of the decedent and the surviror, through the medium of living issue of the marriage, appears to be distinctly recognized in the cases referred to by the vice chancellor, where challenges have been made on the ground of such relationship." (Coke Litt. 156a, 157a; *Mounson* v. *West*, 1 Leon. 88; *Cain* v. *Ingham*, 7 Cow. 478; *Abbe of Stratford's Case*, Year Book, 10 Hen. VII, p. 7; Finch's Law, 9; *Carman* v. *Newell*, 1 Den. 25.)

It appears, therefore, that the death of the daughter of the justice would have severed the relationship by affinity had no issue survived, but the child of the marriage who is still living has preserved the tie of affinity.

In *Edwards* v. *Russell* (21 Wend. 63) the court in discussing the statutory disqualifications because of relationship either by consanguinity or affinity, said: " The meaning [of the statute that the judge cannot sit in a case in which he is related to the parties] is, not merely that the interests of the parties are unsafe, but the general interest of justice. Decency forbids that he should be seen acting either for or against his father, brother, or cousin, etc."

It, therefore, appears conclusively that the judgment of the Justice Court was void because of lack of jurisdiction on the part of the justice of the peace.

This court is without jurisdiction to review that judgment or set it aside except by an appeal, but inasmuch as a filing of the transcript of the said judgment has made it a judgment of this court for the purposes of collection, this court has jurisdiction to regulate and control its own judgment.

I, therefore, find that the defendant is entitled to an order directing the clerk of this court to set aside and cancel the transcript of the judgment entered herein against the defendant on the 8th day of June, 1934.