Sturges, J.
The affidavits presented on appeal, and on the motion, alleged that a letter dated November 4, 1955, signed “ Thompson & Doherty By Hamilton Doherty ”, addressed to Mr. Keith Dotson was received by the defendant, Kate Dotson, demanding the payment of $216 alleged to be due and payable to Isidoro Di Lodovico, and which stated that the account had been handed to that firm for collection. Subsequently a summons dated November 17, 1955, was issued by Hamilton Doherty, as Justice of the Peace of the Town of Albion, for Isidoro Di Lodovico, plaintiff, against Keith Dotson, defendant. It is also conceded that, at the time of serving the summons, the process server apparently discovered that the defendant was supposed or intended to be Kate Dotson and not Keith Dotson, and that the process server apparently, at the time of or just prior to serving, struck out the first name of Keith and inserted the name *507 “ Kate ” without the knowledge or specific direction or authorization of the Justice who issued the summons. It is also conceded that Hamilton Doherty, who is the surviving partner of the firm of Thompson & Doherty and under whose direction the collection letter of Thompson & Doherty was mailed under date of November 4,1955, was appointed Justice of the Peace, Town of Albion, on or about November 10, 1955, and qualified on or about November 14,1955, and that he was therefore the Justice of the Peace on November 25, 1955, when the judgment was entered in his court.
The attorney for the defendant-appellant, on this appeal, contends that the said Justice, in whose court the judgment was entered was prohibited under section 492 of the Justice Court Act and under section 14 of the Judiciary Law from sitting in the action, as he had previously been attorney or counsel on the same claim, and that as a justice had no jurisdiction and that the proceedings before him were void.
Section 492 of the Justice Court Act reads in part, as follows: “ A justice shall not sit as such in any cause or matter to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree.”
Section 14 of the Judiciary Law reads, in part, as follows: ‘ ‘ A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree.”
These prohibitions are absolute and constitute a statutory disqualification of a judge or justice which deprives him of jurisdiction. (Oakley v. Aspinwall, 3 N. Y. 547; Wilcox v. Supreme Council of Royal Arcanum, 210 N. Y. 370, 377-378.) "Where no jurisdiction exists by law it cannot be conferred by consent — especially against the prohibitions of a law, which was not designed merely for the protection of the party to a suit, but for the general interests of justice. (Oakley v. Aspinwall, 3 N. Y. 547, 552, supra.) This is not a case where the jurisdiction is now challenged for the first time for alleged bias or prejudice in fact. This is a case where, under the facts, the Justice was absolutely prohibited by statute from sitting and the Justice therefore had no jurisdiction and the judgment is void even though the judgment was taken by default.
The Justice of the Peace, who appeared in person for the purpose of amplifying the record and explaining his inadvertence, *508 recognized the application of these statutes for the protection of the public but suggested that the defendant-appellant might not be properly before this court on the appeal, by reason of the fact that she has failed to perfect her appeal by filing an undertaking.
However, it is only necessary that the appellant file a written undertaking when he desires a stay of execution under sections 434 and 436 of Justice Court Act or when a new trial is demanded in the appellate court under sections -442 and 443 of the Justice Court Act. No such applications have been made and this matter is properly before this court on this appeal.
The attorney for the appellant has vigorously contended that the proceedings were also void by reason of the fact that the process server apparently attempted to correct the summons by strildng out the first name of the defendant and inserting the defendant’s real name of “ Kate ”. Change of a name on the summons by a process server, prior to delivery thereof to the defendant and after the summons has been duly i ssued by the Justice of the Peace and without direction or authorization by the Justice, is to be condemned and the process server was acting beyond his authority. However, the summons as originally issued by the Justice was fully filled out in compliance with section 464 of the Justice Court Act and it is not necessary to consider whether the Justice upon the trial could correct the mistake in the name of the party under section 460 of the Justice >Court Act after the summons had been duly issued and served, inasmuch as this court has found the proceedings to he void due to the fact that the Justice issuing the summons and entering the judgment had previously acted as attorney or counsel for the plaintiff in violation of section 492 of the Justice Court Act and section 14 of the Judiciary Law.
This court finds the judgment entered in favor of the plaintiff, Isidoro Di Lodovico against Kate Dotson to have been taken without jurisdiction and to be void, for the reasons above stated.
This court having held that the matter is properly before it on appeal and having found the said judgment to be void, the defendant-appellant is entitled to an order canceling ancl vacating the transcript of the said judgment which was filed in Orleans County Clerk’s Office on December 8,1955. Moreover, this court ,-also has the jurisdiction, upon the application of the defendant made, upon notice, before this court at the time of the hearing iof the appeal with the proof there presented, to order the canceling and vacating of this transcript, as the filing thereof in the County Clerk’s office made it a judgment of this court for the purpose of collection, and this court has' jurisdiction to *509 regulate and control its own judgments. (Wixom v. Randazo, 152 Misc. 171.) Hence, the defendant is entitled to this relief upon her separate application, regardless of whether or not the matter was properly before this court on appeal.
And this court having found that the defendant-appellant has paid the sum of $4.40 as costs and the further sum of $3 for the fee of the Justice on the return, making a total of $7.40 costs and fees in the matter necessarily incurred by the defendant to perfect her appeal, this court finds that the defendant-appellant is entitled to the refund of said moneys.
This decision is made without prejudice to the right of the plaintiff-respondent to bring any proper action upon his claim in a court of competent jurisdiction.
Let an order or orders be submitted accordingly.